## SOUTH GEORGIA RAILWAY COMPANY *v.* RYALS.

1. In a suit brought in a county court against a railway company for the negligent killing of stock, where the declaration alleged in general terms "that said damage was done by the running of the locomotive and cars of said defendant in said county in a careless and negligent manner by said defendant's employees," it was subject to a special demurrer on the ground that it failed to specify wherein the defendant was negligent, or to put it on notice of the tort complained of; and, in the absence of amendment, the declaration should have been dismissed.
2. Where suit was brought for the negligent killing of stock by a railroad company, and the declaration failed to allege the ownership of such stock, it was subject to special demurrer on that ground.

3. If a declaration alleges with sufficient specification negligence on the part of the defendant and its agents or employees, and in what such negligence consisted and when it occurred, it is not necessary to set out the names of the particular agents or employees alleged to have committed it.

4. The practice and modes of procedure in the county court are similar to those in the superior court.

Argued May 23,—Decided June 15, 1905.

Action for damages.    Before Judge Mitchell.    Brooks superior court.    December 9, 1904.

This case originated in the county court of Brooks county, and was appealed to the superior court.    Ryals brought suit against the South Georgia Railway Company, alleging that the defendant had damaged him in the sum of $70, besides interest, by killing certain cattle and a hog which were described in an account attached to the declaration.    The only allegation of negligence was "that said damage was done by the running of the locomotive and cars of said defendant in said county in a careless and negligent manner by said defendant's employees."    The defendant demurred to the declaration generally, and also on the ground that it failed to specify wherein the defendant was negligent, or to put it on notice of the tort complained of; that it failed to allege that the stock killed belonged to the plaintiff; that the petition was not arranged in orderly paragraphs, and that it failed to state any facts constituting negligence or to state what agents or employees of the defendant were negligent.    The demurrer was overruled, a recovery was had by the plaintiff, a motion for new trial was overruled, and the defendant excepted. Among other assignments of error was one based on the overruling of the demurrer, to which ruling a bill of exceptions pendente lite has been duly filed.

*L. W. Branch*, for plaintiff in error.    *S. S. Bennet*, contra.

LUMPKIN, J.    (After stating the facts.)    A general allegation in a declaration, that damage was done by the running of the locomotive and cars of a railroad company in a careless and negligent manner by its employees, is subject to special demurrer. In the absence of amendment, a declaration based on such an allegation should be dismissed.    *Seaboard Air-Line Ry.* v. *Pierce*, 120 *Ga.* 230; *Macon, D. & S. R. Co.* v. *Stewart*, Id. 890; *Russell* v. *Central Ry. Co.*, 119 *Ga.* 705.    As to a suit in a jus-

tice's court, see *Macon & Birmingham Ry. Co.* v. *Walton*, 121 *Ga.* 275. Section 2321 of the Civil Code, under which, upon proof of injury from the operation of its locomotives, cars, or other machinery, a presumption of negligence arises against the railroad company, states a rule of evidence, and does not dispense with proper pleadings. In a suit against a railroad for the killing of stock, a failure to allege ownership of the stock furnishes ground for special demurrer. *Georgia Railway & Electric Co.* v. *Knight*, 122 *Ga.* 290. If there is a sufficient allegation of negligence on the part of a railroad company in respect of time, place, and circumstance, it furnishes no ground for demurrer that the declaration does not give the name of the negligent agent or agents. *Pierce* v. *Seaboard Air-Line Ry.*, 122 *Ga.* 664.

The practice and modes of procedure in the county court are similar to those in the superior court. Civil Code, §§ 4198, 4204. The court having erred in overruling the demurrer, all that occurred subsequently to that ruling was nugatory and need not be considered. *Macon R. Co.* v. *Walton*, 121 *Ga.* 276.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*