SOUTHERN RAILWAY COMPANY *v.* POPE.

BECK, J. 1. In an action based upon the negligence of the defendant, which it is alleged resulted in the killing of a mule, it is not sufficient to allege the negligence in general terms; and it was error for the court to overrule a special demurrer calling for the particulars of the alleged negligence. *Russell* v. *Central of Ga. Ry. Co.*, 119 *Ga.* 705; *Macon, Dublin & Sav. R. Co.* v. *Stewart*, 120 *Ga.* 890.

2. Although the mule alleged to have been killed was, when struck by the defendant's train, at a point between the blow-post and a public cross-

ing, and not upon the crossing, and the failure to check the speed of the train and give the proper signals was not the proximate cause of the injury, still it was competent for the plaintiff to prove, as a part of the res gestæ, the fact that the engineer did not check the speed of the train nor blow the whistle of the locomotive; and evidence for this purpose being admissible, the allegations of this fact should have been allowed to remain in plaintiff's petition, and the demurrer thereto was properly overruled. *Atlanta & C. Ry. Co.* v. *Gravitt*, 93 *Ga.* 369.

3. The questions raised in the motion for a new trial are not dealt with, inasmuch as all the proceedings in the trial court subsequently to the overruling of the defendant's demurrer, as indicated in the first headnote, are to be treated as nugatory.

*Judgment reversed. All the Justices concur, except Holden, J., who did not preside.*

ATKINSON, J. (specially concurring as to first headnote). The case of *Macon, Dublin & Savannah R. Co.* v. *Stewart*, 120 *Ga.* 890, was decided by six Justices, and is controlling. The material allegations under consideration in that case were substantially the same as those made in the petition in the present case. The first headnote in that case is as follows: "A petition to recover damages for the killing of two mules by a railroad company, which in general terms alleged that the animals were killed by a train of defendant, 'in a careless and negligent manner, running over said mules in the field of petitioner . . and on the tracks of said railroad company,' should, in the absence of amendment, have been dismissed upon special demurrer, on the ground that it did not set out any specific acts of negligence. *Seaboard Air-Line Ry.* v. *Pierce*, 120 *Ga.* 230. See also *Central Ry. Co.* v. *Weathers*, 120 *Ga.* 475." The cases cited in the headnote just quoted were each decided by five Justices, and are not controlling. I do not think the doctrine recognized in the headnote in the *Stewart* case is sound, but, being controlled by the ruling there made, I am obliged to concur in the ruling by the majority in the case at bar, as announced by Mr. Justice Beck in the first headnote.

Submitted June 24, 1907.—Decided February 3, 1908.

Action for damages. Before Judge Reagan. Butts superior court. September 3, 1906.

Pope brought an action for damages against the Southern Railway Company, for the killing of a certain mule belonging to the plaintiff. It is alleged in the third paragraph of the petition, that "Said defendant company by its agents and servants, while operating its locomotive, cars, and other machinery, negligently ran over and killed one black horse mule . . of the value of $175." The fourth paragraph alleges that "Said killing could have been avoided by the agents and servants of the defendant company, by the exercise of ordinary care and diligence." And in the tenth paragraph it is alleged that, "By the exercise of ordinary care and

diligence in the running of its cars by its agents, servants, and engineer, said injury and damage would never have been caused to your petitioner." In the other paragraphs of the petition it is alleged that the said mule was killed at a point "upon defendant company's track between the [public road] crossing and the blow-post of said crossing." And it is alleged that the defendant negligently failed to blow the whistle at said blow-post, and failed to check the speed of said train. The defendant demurred generally to the petition, on the ground that "it does not set forth any cause of action against this defendant;" and specially to the third, fourth, and tenth paragraphs set out above, on the ground that the allegations therein are too general, and fail to allege any specific act in respect to which defendant was negligent. Defendant also demurred specially to the other paragraphs of the petition, relating to the blow-post law, on the ground that the allegations therein are irrelevant to the case, and do not show any breach of duty to the plaintiff. The court overruled both general and special demurrers, and defendant excepted pendente lite. The defendant filed an answer denying the material portions of the petition. Upon the trial the jury returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial, which the court overruled. Error was assigned on both rulings.

*N. E. & W. A. Harris,* for plaintiff in error.

*Frank Z. Curry, Arnold & Arnold,* and *J. B. Ridley,* contra.