*Adams & Camp,* for plaintiffs.

---

BULLARD *et al. v.* ROLADER *et al.* (two cases).

1. The lessee of a building in which he conducts a hotel and operates an elevator for the transportation of his guests to and from different floors of the building is required, in the operation of the elevator for this purpose, to exercise extraordinary diligence for the safety of the guests while they are getting on and off and while riding upon the elevator. This rule of diligence is not limited to the actual technical operation of the machine, but includes such examination, inspection, and repair of its physical and mechanical parts as is necessary to keep and maintain it in a fit and proper condition for safe operation.

24

2. Whether or not the holding of the Court of Appeals, that upon proof of the injury a presumption of negligence arose against the lessee operating the elevator, is the correct doctrine upon this subject, the plaintiffs in certiorari are not entitled to a reversal of the judgment of the court below merely because the opinion of that court states this rule; as the trial court did not include this among its instructions to the jury, and the defendants in the trial court were not injured by the statement of this principle in the opinion of the appellate court.

3. The court's rulings upon the other assignments of error afford no ground for reversing the judgment of the Court of Appeals.

Nos. 2651, 2652. December 14, 1921.

Certiorari; from Court of Appeals. 26 *Ga. App.* 742.

Mr. and Mrs. J. M. Rolader each brought suit against B. M. Bullard and J. R. Bennett, in the city court of Atlanta, to 're cover damages for injuries sustained by Mrs. Rolader in consequence of the 'falling of an elevator operated in a hotel of which the defendants were lessees. The original suit was against the owner and lessees jointly, but the case was nonsuited as to the owner. A verdict was returned for the plaintiffs, and a motion for new trial was made by the defendants; this being overruled, they excepted, and by writ of error carried the case to the Court of Appeals. That court affirmed the judgment of the court below. The opinion rendered by the Court of Appeals (26 *Ga. App.* 742, 107 S. E. 548) was as follows:

" 1. The lessee of a building in which he conducts a hotel and operates an elevator for the transportation of his guests to and from different floors of the building is required, in the operation of the elevator for this purpose, to exercise extraordinary diligence for the safety of the guests while they are getting on and off and while riding upon the elevator. This rule of diligence is not limited to the actual technical operation of the machine, but includes such examination, inspection, and repair of its physical and mechanical parts as is necessary to keep and maintain it in a fit and proper condition for safe operation. Where a guest injured in the operation of the elevator sues the lessee for damages, alleging that the injury was caused by the defective condition of the elevator or negligence in its operation, on proof of the injury a presumption of negligence arises against the defendant. *Helmly* v. *Savannah Office Building Co.,* 13 *Ga. App.* 498 (79 S. E. 364).

" 2. As between lessor and lessee, in the absence of contract,

the lessor is required to make repairs to the leased property, rendered necessary by natural wear and tear; yet when the leased property contains an elevator which is used by the lessee in the conduct of his business, he is responsible for an injury caused by the defective condition of the elevator or by its negligent operation. This is especially true as applicable to the proprietor of a hotel and his guests. Whether the lessee has exercised the degree of care required by law in the maintenance and operation of the elevator in the particular case is a question of fact to be determined by the jury.

" 3. While the amount of the verdict, under the evidence, is large ($5,000), this court cannot say that it is ' so excessive as to justify the inference of gross mistake or undue bias.'

" 4. The charge of the court was exhaustive, fair, and correct as to all the issues made by the pleadings and the evidence; and the verdict is amply supported. The refusal, to grant a new trial was right."

*J. L. Anderson,* for plaintiffs in error.

*Hewlett & Dennis* and *John S. Highsmith,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. After consideration of the decision made by the Court of Appeals, we are of the opinion that the rulings there made in passing upon the questions presented by the motion for new trial were sound. In the first division of the opinion of the Court of Appeals it was ruled that " The lessee of a building in which he conducts a hotel and operates an elevator for the transportation of his guests to and from different floors of the building is required, in the operation of the elevator for this purpose, to exercise extraordinary diligence for the safety of the guests while they are getting on and off and while riding upon the elevator. This rule of diligence is not limited to the actual technical operation of the machine, but includes such examination, inspection, and repair of its physical and mechanical parts as is necessary to keep and maintain it in a fit and proper condition for safe operation." As to the degree of diligence required in the operation of elevators, it was said by this court in the case of *Grant* v. *Allen,* 141 *Ga.* 106 (80 S. E. 279): " The owner of an office building, equipped with an elevator which is operated for conveying his tenants and their employees and patrons to and from

the various floors, is not a common carrier in the sense that he is bound to serve all the public; yet his duty as to protecting passengers in the elevator is the same as that chargeable to carriers of passengers by other means. 6 Cyc. 596; 1 Hutchinson on Carriers, § 100. This duty requires him to exercise extraordinary diligence on behalf of himself and his agents to protect the lives and persons of his passengers. Civil Code, § 2714." And we are further of the opinion that the duty of exercising the diligence according to the rule here laid down is imposed upon the lessee of a building in which the elevator is operated. It will be observed especially in the statement of the rule in the case of *Grant* v. *Allen*, supra, that it is said: " his duty as to protecting passengers in the elevator is the same as that chargeable to carriers of passengers by other means." The same rule as to diligence is there laid down as to carriers of passengers by railway. We will not enter upon an examination and discussion here of the reasons of this rule. The soundness of it is apparent when we consider the character of the instrument the use and operation of which is here under consideration. And the analogy with reference to the degree of diligence required upon the part of the operator of this means of carriage should, for similar reasons, be so extended as to make the duty of the lessee of a building in which a passenger elevator is operated similar to that of a lessee of a railway engaged as a common carrier of passengers. And as to the liability of the lessee, whatever may be the liability of the lessor in such cases, see the case of *Logan* v. *Central R.*, 74 *Ga.* 684; 6 Cyc. 880 et seq., and cases cited. The guest of a hotel in which there is a passenger elevator, where the hotel is under the control of a lessee, when entering an elevator to be transported from one floor to another bears a relation to the lessee of the hotel, who has control over the elevator as well as other parts of the hotel, very nearly identical with that of a passenger on a train operated by the lessee of a railroad. We can not say that they are absolutely identical, but the difference in the character of the relations sustained in the two cases is not material under the facts of this case. Hence we conclude that the Court of Appeals laid down the right rule in that part of the decision quoted above.

2. In addition to the ruling as to the degree of diligence which is necessary for a lessee operating a passenger elevator to exercise

in regard to the same, in the same division of the opinion the Court of Appeals stated the following rule of law: "Where a guest injured in the operation of the elevator sues the lessee for damages, alleging that the injury was caused by the defective condition of the elevator or negligence in its operation, on proof of the injury a presumption of negligence arises against the defendant." It is urged by the plaintiffs in certiorari that this is not a correct principle of law, and that the Court of Appeals erred in so holding. It is not incumbent upon this court to pass upon this principle of law. The doctrine here complained of as being erroneous was not included in the instructions given to the jury by the trial judge, and could not have had any influence upon the finding of the jury. The ruling of the Court of Appeals did not enter into the verdict; and therefore, even if this is an erroneous statement of the law, it was not injurious to the plaintiffs in certiorari.

3. The court's rulings upon the other assignments of error afford no ground for reversing the judgment of the Court of Appeals.       *Judgments affirmed: All the Justices concur.*