14274.  Atlanta, Birmingham & Atlantic Railway Company
v. Whitehead.

Jenkins, P. J.  In a suit for damages against a railway company on account of the burning of property adjacent to its line, while it is the rule that, upon it being shown by the plaintiff that the injury to his property was occasioned by sparks emitted from the defendant's locomotive, a rebuttable presumption thereupon arises that the loss was caused by the alleged particular acts of negligence complained of (*Central of Ga. Ry. Co. v. Trammell,* 23 *Ga. App.* 25 (2), 97 S. E. 461), it is nevertheless true that the petition of the plaintiff must set forth and charge that the defendant was guilty of some specific act of negligence, consisting either in the use of some particularly mentioned defective and dangerous machinery, or in some specific act of negligence in the manner of operating the train, and that the negligence thus charged resulted in the loss complained of. Mere general allegations that the fire was caused by the careless and negligent operation of the train, without averring any particular causal defect in the machinery used, or any special lack of care in the operation of the train, while sufficient as against general demurrer, renders the petition subject to a timely special demurrer. *Pierce v. Seaboard Air-Line Ry.,* 120 *Ga.* 230, 232 (47

S. E. 581); *Kemp* v. *Gen. R. Co.,* 122 *Ga.* 559 (50 S. E. 465); *Southern Ry. Co.* v. *Ryals,* 123 *Ga.* 330 (1) (51 S. E. 428); *Macon, Dublin & Savannah R. Co.* v. *Stewart,* 120 *Ga.* 890 (1) (48 S. E. 354); *Louisville & Nashville R. Co.* v. *Cody,* 119 *Ga.* 371 (46 S. E. 429). In this case, the special demurrer should have been sustained.

Where exceptions pendente lite are taken and preserved by the defendant to the improper overruling of such a special demurrer, the subsequent proceedings are rendered nugatory. *So. Ry. Co.* v. *Pope,* 129 *Ga.* 842 (3) (60 S. E. 157); *So. Ga. Ry. Co.* v. *Ryals,* 123 *Ga.* 330 (1), 332 (51 S. E. 428).

> *Judgment reversed. Stephens, J., concurs. Bell, J., disqualified.*
>
> DECIDED OCTOBER 12, 1923.

Action for damages; from Dooly superior court—Judge Gower. December 28, 1922.

The petition alleged negligence as follows: "The said defendant company set fire to the above-described houses by negligence and careless operation of a locomotive pulling a freight-train, by negligently allowing said engine to emit sparks therefrom, said sparks, on account of the negligence of said defendant company, its agents or employees, setting fire to said property, and each of the above five tenant houses were thereby totally destroyed." In response to the defendant's demurrer, setting up, among other grounds, that "there are no specific acts of negligence charged against the defendant," the plaintiff amended, alleging that fire was discovered in the roof of one of the houses "soon after the said engine had left from the tracks of said company immediately west of said houses," and that "at the time of the firing of said houses a strong wind was blowing from the northwest, and the freight-engine of said company was, for some time before the fire was discovered, drilling cars on the side-track of said company, and immediately after said engine had departed the said fire was discovered in the top of one of said houses as aforesaid." There is no other allegation of negligence.

*Brandon & Hynds, Wall & Grantham, Woodward & Beddingfield,* for plaintiff in error.

*W. H. Lasseter,* contra.