## 22353. WASHINGTON COUNTY *v.* SHEPPARD.

SUTTON, J. 1. A county shall furnish to the State Highway Department, free of charge, rights of way for State-aid roads located therein. Ga. L. 1919, p. 251; Michie's Ga. Code (1926), § 828 (27). A contract entered into with the county commissioners of Washington county, whereby the plaintiff deeded to the State Highway Department a strip of land for a right of way for a State-aid road in that county in consideration of the county's making certain improvements on the property of the plaintiff adjacent to the right of way is not an illegal contract, nor is it contrary to public policy, and such contract is necessarily authorized from the duty placed upon the county to furnish to the State Highway Department the right of way for this road, free of charge. *Wright* v. *Floyd County,* 1 *Ga. App.* 582 (58 S. E. 72). Whenever counties are authorized to contract, and they make valid contracts in pursuance of such power, they are liable to suits for breaches thereof, although there is no statute expressly authorizing the bringing of such an action for such purpose. *Decatur County* v. *Praytor &c. Co.,* 163 *Ga.* 929, 934 (137 S. E. 247). It follows that the plaintiff's action for a breach by the county of the above contract was not subject to the general demurrer interposed, and the court properly overruled the demurrer.

2. Paragraph 8 of the petition was subject to special demurrer, in that it did not set up the dates of the alleged overflowing of the land of the plaintiff, occasioning the injury to his property, for which he brought his action against the county, and in that it did not set forth in what amount the several pieces of his property were damaged. The defendant was entitled to the information sought by this special demurrer, in order to properly make its defense to the action. It was material that it should be informed, at least approximately, of the dates on which the alleged overflows occurred; and it was likewise material that the county should be informed as to the amount in which the several pieces of property of the plaintiff were damaged.

3. It follows that the court should have sustained this ground of special demurrer, with leave to the plaintiff to amend to meet the defects pointed out by it; and upon his failure to do so, the court should have dismissed the petition. *Griffeth* v. *Wilmore,* 46 *Ga. App.* 96.

4. Exceptions pendente lite being taken and preserved by the defendant to the improper overruling of the above special demurrer, the subsequent proceedings in the case were nugatory. *Southern Ry. Co.* v. *Pope,* 129 *Ga.* 842 (3) (60 S. E. 157); *So. Ga. Ry. Co.* v. *Ryals,* 123 *Ga.* 330, 332 (51 S. E. 428); *A., B. & A. Ry. Co.* v. *Whitehead,* 31 *Ga. App.* 89 (119 S. E. 539).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 7, 1933.

*Harris & McMaster,* for plaintiff in error.
*J. W. Warren, W. M. Goodwin,* contra.