## 32405.   VICKERS *v.* GEORGIA POWER COMPANY.

Decided May 13, 1949.   Rehearing denied June 22, 1949.

*Thomas W. Johnson, Ralph R. Williams,* for plaintiff.
*Miller, Miller & Miller,* for defendant.

PARKER, J.   Where a demurrer to a petition contains grounds of both general and special demurrer, and the trial judge, without specifying the grounds or the basis of his decision, passes a general order sustaining the demurrer and dismissing the petition, the judgment will be treated as sustaining the entire demurrer on all its grounds, and the special as well as the general grounds must be considered on review, if the petition is not subject to the latter.   This rule is otherwise where the order of dismissal is expressly limited to the general grounds or from its language may be so construed, in which event the special grounds will not be considered.   *Willingham, Wright & Covington* v.

*Glover,* 28 *Ga. App.* 394 (1) (111 S. E. 206). The bill of exceptions certified by the judge recites that the court "passed an order and judgment sustaining the general demurrers and dismissing the plaintiff's petition," and a part of the record specified is the "Order of the judge . · . sustaining the general demurrers and dismissing the petition." In acknowledging service of the bill of exceptions, counsel for the defendant stated that it "contains a correct statement of the facts." Upon a careful reading of the order of the trial judge, it is clear that only the general demurrers were passed upon by him, and we have for consideration only the question of whether or not the petition as amended was sufficient to withstand the general demurrer.

Reasonable certainty in pleading is all that is required. *Charleston & Western Carolina Ry. Co.* v. *Attaway,* 7 *Ga. App.* 231 (2) (66 S. E. 548). "The requirement that the plaintiff 'shall plainly, fully, and distinctly' set forth his ground of complaint does not mean that he shall disclose the evidence upon which he relies, or indulge in needless particularity, but means only that his demand shall be set forth in terms sufficiently full and distinct to enable the court to determine·whether a cause of action exists, and his adversary to understand the exact nature of the claim made against him." *Georgia-Alabama Coca Cola Bottling Co.* v. *White,* 55 *Ga. App.* 706, 712 (191 S. E. 265), and cits.

A tort is the unlawful violation of a private legal right; or it may be the violation of a public duty, by reason of which some special damage accrues to the individual. Code, § 105-101. All that a plaintiff need allege to withstand the attack of a general demurrer is the factum of the duty, whether by contract or otherwise, a violation of that duty, and damages resulting from that violation. 41 Am. Jur., Pleading, § 78. As a general principle, it has been held in Georgia, in tort actions based on the malfunctioning of machinery, that it is sufficient if the petition alleges that the machine was in such a condition that it produced certain definitely described results (the injury), which it would not have produced had it not been defective and had it functioned properly. *Charleston & Western Carolina Ry. Co.* v. *Attaway,* supra; *King Hardware Co.* v. *Ennis,* 39 *Ga. App.* 355 (5) (147 S. E. 119); *Alford* v. *Zeigler,* 65 *Ga. App.* 294, 299 (16 S. E. 2d, 69), and cits. We think that this principle may be applied to the allegations of the petition in the instant case.

The question here, as stated by counsel for the plaintiff in their brief, is not whether the plaintiff has a right to recover, but whether sufficient facts were set forth in the petition to let that question be decided by a jury. The plaintiff alleged that the defendant undertook to supply him with electricity as a customer and for a valuable consideration. This undertaking placed a duty on the defendant of using ordinary and reasonable skill and care in the construction and maintenance of its equipment and safety devices, so as not to injure or damage the plaintiff or his property in furnishing this service. As was said in Southwestern Telegraph &c. Co. *v.* Robinson, 50 Fed. 810 (1 C. C. A. 684, 16 L. R. A. 545), "Science and common experience show that wires suspended in the atmosphere attract electricity in time of storms." We think that, under the ruling in *Columbus R. Co.* v. *Kitchens*, 142 *Ga.* 677 (83 S. E. 529, L. R. A. 1915C, 570), the defendant was bound to employ such approved apparatus in general use as would reasonably be necessary to prevent injury to the plaintiff's house or property therein, arising from lightning or electricity which might be generated or unleashed by a thunderstorm and strike the wires and be conducted thereby into the house. See also *City of Thomasville* v. *Jones*, 17 *Ga. App.* 625 (87 S. E. 923), and *Georgia Power Co.* v. *Kinard*, 47 *Ga. App.* 483 (170 S. E. 688). The petition alleged that the defendant placed a 10-ampere fuse between the main line supplying the plaintiff's house and the transformer, when and where a proper fuse to provide protection would have been a 5-ampere fuse, and that this action was the cause of the injury sustained. It was alleged that, had a smaller fuse been used, it would have blown out when the current became great enough to be dangerous, and that the presence of the larger fuse, negligently placed there by the defendant, resulted in the destruction of the plaintiff's property. We think that these allegations were sufficient to state a case as against a general demurrer, and that the court erred in dismissing the action on general demurrer.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*