33054. ATLANTA PAPER COMPANY *v.* SIGMON *et al.*

Decided October 6, 1950. Rehearing denied December 5, 1950.

*Edgar A. Neely Jr., Neely, Marshall & Greene,* for plaintiff in error.

*James M. Embry, Dunaway, Riley & Howard, E. A. Wright, Bryan, Carter & Ansley,* contra.

WORRILL, J. ■ Inasmuch as the demurrer filed on January 25, 1950, after the amendment to the petition was filed, does not purport to renew the original demurrer, we have for consideration only the question of whether the petition as amended was subject to this latter demurrer. *General Accident, &c. Corp.* v. *Way,* 20 *Ga. App.* 610 (2) (92 S. E. 650); *Smith* v. *Dalton Ice Co.,* 45 *Ga. App.* 447 (1) (165.S. E. 144); *Satlof* v. *State of Georgia,* 52 *Ga. App.* 208 (1) (182 S. E. 864); *Livingston* v. *Barnett,* 193 *Ga.* 640 (1), 649 (19 S. E. 2d, 385); *Mooney* v. *Mooney,* 200 *Ga.* 395 (1) (37 S. E. 2d, 195).

■ The special demurrer attacks the allegations of the petition relating to the knowledge of the defendant of the wind conditions generally prevailing in and about the City of Atlanta in April and May on the ground that the plaintiff should be required to allege and rely upon either actual knowledge or constructive knowledge on the part of the defendant, and not on both at the same time. We are of the opinion that, under the rulings in *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (116 S. E. 57), and *Kelley* v. *Black,* 203 *Ga.* 589 (47 S. E. 2d, 802), these allegations are sufficient. The allegations of fact in the petition show clearly that the plaintiff was an invitee on the premises of the defendant, and the rule, as stated in the cases cited, is that if the defendant, by the exercise of ordinary care, could have discovered the defect causing the injury, he will be

liable for a failure to warn invitees coming upon the premises of such defect even though he did not actually know of its existence, where such defect proximately contributes to the injury. To be sure, it cannot be said that the wind was a defect, but it acted upon the defect alleged to exist and was a condition or circumstance contributing to the injury, which under the allegations of the petition the defendant was reasonably chargeable with knowledge of, and for these reasons the court did not err in overruling the special demurrers.

■ In the argument upon the general demurrer, the principal factor insisted upon by the defendant is that the petition fails to show what the relation between the defendant, Atlanta Paper Company, and American Fire Proofing & Engineering Company was, and it is argued that under this state of facts it must be presumed, construing the petition most strongly against the plaintiff, that the American Fire Proofing & Engineering Company was an independent contractor and that the defendant paper company had surrendered all right of control and inspection to the said contractor who had custody of the premises, and that the sole duty of inspection and warning invitees rested with that company. This reasoning is, in our opinion, unsound. The plaintiff does not rely upon the contract between the two defendants as a basis for his right of action. If the defendant had in fact surrendered to the contractor control over the premises to such an extent that it had not the right to go thereon to make inspections to determine what progress was being made with the work or whether the work was being done in conformity with the contract or whether the work was being carried on in a safe and prudent manner, or for any other purpose, then such facts would be matters of defense and the defendant cannot require the plaintiff to plead such facts so that they may be made the basis of a demurrer. See *Phinizy* v. *Phinizy*, 152 *Ga.* 694 (2) (111 S. E. 433).

"A tort is the unlawful violation of a private legal right; or it may be the violation of a public duty, by reason of which some special damage accrues to the individual. Code, § 105-101. All that a plaintiff need allege to withstand the attack of a general demurrer is the factum of the duty, whether by contract or otherwise, a violation of that duty, and damages result-

ing from that violation. 41 Am. Jur., Pleading, § 78." *Vickers v. Georgia Power Co.*, 79 *Ga. App.* 456, 458 (54 S. E. 2d, 152). In the instant case the duty arose to warn the plaintiff, as one of a general class of invitees known to the defendant to be upon the premises, of any latent defect in the premises which might result in injury or damage to the plaintiff, a violation of this duty was clearly alleged, as was the injury suffered. For these reasons the petition stated a cause of action and the trial court did not err in overruling the general and special demurrers.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*