34981. WRIGHT CONTRACTING COMPANY, INC. *v.*
DAVIS, Administratrix.

DECIDED JUNE 30, 1954—REHEARING DENIED JULY 27, 1954.

*Peacock, Perry & Kelley, Hatcher, Smith & Stubbs,* for plaintiff in error.

*Farkas, Landau & Davis,* contra.

QUILLIAN, J.  The petition in this case, as amended, omitting formal parts, reads as follows: "The petition of (Mrs.) Mabel Davis, as temporary administratrix of the estate of John W. Davis, deceased, respectfully shows:

"(1)  John W. Davis died on the 12th day of June, 1953, and petitioner was appointed, and duly qualified as temporary administratrix of the estate of the said John W. Davis on the 17th day of June, 1953.  The deceased, John W. Davis, was the husband of (Mrs.) Mabel Davis.

"(2)  Defendant, Wright Contracting Company, Inc., is a corporation, with an office and place of doing business and an agent in Dougherty County, Georgia.

"(3)  Defendant Wright Contracting Company, Inc., was on or about the 6th day of June, 1953, and for several weeks prior thereto, engaged in resurfacing a public road known as U. S. Highway No. 19, and State Highway No. 3, from Albany, Georgia, south to the Mitchell County line, a distance of approximately ten miles.

"(4)  Said Wright Contracting Company, Inc., was engaged in the resurfacing of said highway and was in actual charge of construction and resurfacing of said highway at the time of the accident hereinafter alleged.

"(5)  Said highway from Albany south to the Mitchell County line is a very heavily traveled road, being one of the main north[south] arteries in the Federal system of highways in the United States, and one of the main arteries of the highway system of the State of Georgia.  This fact was well known to Wright Contracting Company at the time the said defendant undertook to resurface and recondition said road.

"(6)  Defendant Wright Contracting Company, Inc., was engaged in resurfacing said road by placing layer upon layer of an asphalt type material on said road, thereby elevating said road up to a distance of eighteen inches above the highway, said elevation varying from place to place on said road.  Said elevation of the road made travel by vehicular traffic on said road extremely hazardous and unsafe for motorists by reason of the

fact that any slight deviation of the wheel in steering would cause a vehicle to run off of said elevated highway, and make it almost impossible to return to the highway without turning the car over or losing control, where a vehicle once left the highway.

"(7) On or about June 6th, 1953, at approximately 1:15 p. m., John W. Davis was proceeding south on said highway, driving his new 1953 Studebaker, alone, and approximately eight miles south of Albany on said highway, when the right wheels of the said John W. Davis' car left the highway at a point where the paved surface of the road was elevated approximately 6 to 8 inches above the shoulders of the road, the left wheels of the car remaining on the paved surface of the road, and said John W. Davis, in attempting to steer his car back on the road struck the side of the elevated paved surface, which caused his car to go out of control, and swerve to the left side of the road and hit a telephone pole on the right-of-way, on the left or east side of said highway. Said John W. Davis was thrown into and through the windshield of his automobile and received a mortal wound. Said John W. Davis was rushed to the Phoebe Putney Memorial Hospital in Albany, Georgia by ambulance, lingered for six days and died in said hospital.

"(8) The proximate cause of the death of John W. Davis was the negligence of the defendant, Wright Contracting Company, Inc., in the following particulars:

"a. Said defendant in undertaking to resurface said road, elevated said paved surface of the road a distance of approximately six to eight inches above the shoulders of the road at the point where said John W. Davis' automobile left the paved surface of the road and attempted to return to the paved surface, said elevation over the adjoining shoulders constituting a dangerous and hazardous condition which the said defendant created and maintained in resurfacing said highway.

"b. Said road was maintained during the period of resurfacing by defendant in a dangerous condition on a heavily traveled highway, in that no center line or other suitable marking system was provided to assist motorists in negotiating said highway, and in correctly estimating the relative position of a vehicle on the highway. The dangerous situation created by the failure to provide a center line or other marking system was exaggerated

and increased by the fact that the newly resurfaced road was uniform in color and appearance.

"c. Said defendant was negligent in the manner of constructing the edges of said highway, in that same were left in a rounded off or beveled condition, which was prone to mislead those who traveled upon said road, because a car which drove on this rounded or beveled section would be caused to veer to the outside and off of the paved section of the highway.

"d. Said defendant was negligent in failing to provide any lateral protection of any kind to prevent vehicles from sliding or slipping off of the elevated paved road.

"e. Said defendant was negligent in failing to provide adequate warning signs along said road.

"f. Said defendant was put on notice of the dangerous condition in which said highway was being maintained during the period of said resurfacing, by the fact that there were frequent similar type accidents along said ten mile stretch of road prior to the accident in which John W. Davis was killed, and said defendant took no steps to correct the dangerous situation in which said road was being maintained. Said accidents occurred within a period of 7 days prior to June 6, 1953, and happened in a similar manner as hereinbefore alleged, while said highway was in the same condition as hereinbefore alleged. Defendant knew, or in the exercise of ordinary care should have known of said dangerous condition of said highway.

"g. All of the above mentioned acts of negligence as set forth in this paragraph of the petition were enhanced and aggravated by the fact that said defendant had notice of the dangerous character of the road as mentioned in paragraph above.

"h. Said road was open to the public before same had hardened and dried sufficiently to become safe for vehicular traffic to negotiate, and same was slick, oily and dangerous.

"i. Said defendant was negligent in not providing an appropriate detour to channel traffic around said dangerous and hazardous road during the period of its construction, having knowledge of the dangerous situation which would be created by the resurfacing of said road, and which dangerous condition was actually created during the period of construction of said road.

"j. In failing to provide adequate guards or construction men

to warn approaching motorists of the peculiar hazard created by the resurfacing and elevation of said highway.

"k. John W. Davis was killed due to the above items of negligence on the part of the defendant which were the proximate cause of the death of John W. Davis."

Paragraphs 9 and 10 set forth and alleged the damages sustained as a result of the death of the plaintiff's intestate. Paragraphs 11 and 12 which were added by amendment alleged that: "11. All of the conditions and facts set forth in paragraphs 2, 3, 4, 5, 6, 8 and all subsections of paragraph 8 caused and contributed to John W. Davis' car going off the highway and subsequently returning to said highway and being wrecked, and contributed to and caused the injury and damage complained of in this petition.

"12. The highway at the place where the accident occurred was 19 feet wide."

There were general and special demurrers.

■ None of the grounds of general demurrer were good. The plaintiff in error insists that the petition shows no causal connection between the defendant's negligence and the casualty suffered by the plaintiff. The facts pleaded show that the defendant was negligent in certain particulars that could have caused the death of the plaintiff's husband, and this is followed by the general allegation that these specified acts of negligence did have that proximate result. This was sufficient as against a general demurrer.

The demurrers to certain paragraphs of the petition on the ground that they were irrelevant and immaterial in that they had no bearing upon the issues of the case raised no question for consideration here, for the reason that they failed to point out wherein the paragraphs demurred to were irrelevant or immaterial or why they had no bearing on the issues of the case. *Askew* v. *Thompson*, 129 *Ga.* 325 (3) (58 S. E. 854); *Veal* v. *Beall*, 189 *Ga.* 31 (2) (5 S. E. 2d 5).

■ The defendant may require the plaintiff to plead his case with such reasonable clarity and certainty as the incident related or the situation described, or the status claimed in the plaintiff's petition is susceptible of. In a negligence case the causal connection between the alleged negligence of the defendant and its

causal connection with the damage sustained by the plaintiff, if not pleaded is subject to special demurrer. In the instant case the special demurrers calling for more detailed and certain information as to how and in what manner the negligence of the defendant caused the car driven by plaintiff's husband to go off the paved portion of the highway should have been sustained.

The error in not sustaining the special demurrers last referred to vitally infects the case, is hurtful to the defendant, and requires a reversal of the case.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*