36561. SOUTHERN ROADBUILDERS, INC. *v.* ASSOCIATED PETROLEUM CARRIERS.
36562. SOUTHERN ROADBUILDERS, INC. *v.* CITIZENS TRANSPORT CO., INC.

DECIDED FEBRUARY 28, 1957.

264

*Fulcher, Fulcher & Hagler,* for plaintiff in error.

*Cornelius B. Thurmond, Jr., Sanders, Thurmond & Hester, Odum, Bostick & Nolen, L. A. Odum,* contra.

NICHOLS, J. The only question presented for decision by this court is whether the plaintiffs' petitions set forth a cause of action as against general demurrer. The special demurrers were either met by the various amendments to the petitions or abandoned by the defendant inasmuch as they were neither argued nor insisted upon.

The petitions alleged that an agent of the defendant ordered a tank-truck load of gasoline to be delivered to a service station in Augusta, Georgia, that was being remodeled and enlarged by the defendant and others, that while the gasoline was being unloaded from the tank-truck into the underground storage tank flames suddenly appeared around the fill pipe of such underground storage tank, and that such fire either destroyed or damaged the personalty for which recovery is sought. It was then alleged that the plaintiffs learned through subsequent investigation that the underground storage tank was not installed in conformity with various ordinances of the City of Augusta (such ordinances being pleaded), that the defendant had merely buried the storage tank and that it was not properly vented, that it was not connected to the gasoline pumps, that it was not properly installed in the ground in that, in addition to not being properly vented, it was not anchored or weighted as required by the pleaded city ordinances, that the gasoline was ordered for the sole purpose of

keeping the storage tank from floating in case of rain whereas the ordinary practice is to fill such tanks with water or some other involatile substance, and that the defendant placed a short distance from the fill pipe two flambeaux which were not visible to the driver who delivered the gasoline due to the fact that the flambeaux were placed behind a mound of earth and behind a dragline machine. The petitions then alleged that the occurrence which caused the plaintiffs' losses resulted solely from the negligence of the defendant.

In the absence of allegations that make it affirmatively appear that the plaintiffs' losses were caused by their own negligence, simple allegations of negligence are sufficient as against general demurrer (see *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695 (1), 50 S. E. 974; and *Whitsett* v. *Hester-Bowman Enterprises*, 94 *Ga. App.* 78, 83, 93 S. E. 2d 788), and construing the plaintiffs' petitions most strongly against them, as must be done on general demurrer, the petitions do not make it appear that they authored their own negligence, or that they could have prevented the losses after discovering the defendant's alleged negligence. Therefore, as against general demurrer, the petitions set forth a cause of action, and the trial court did not err in overruling the defendant's general demurrers.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*