36810.   RAINES *v.* JONES.

DECIDED SEPTEMBER 27, 1957.

**414**

*McFarland & Cooper, Martin McFarland,* for plaintiff in error. *Cumming & Cumming, Christopher, Futral, Owen & Bolton,* contra.

FELTON, C. J.  The following portions of the trial court's order state the contentions of the defendant: "In paragraph 7, as amended by the third amendment, it is alleged that 'the defendant did not have his vehicle under control, was driving faster than reasonable and prudent under the circumstances then and there existent, was following said vehicle too closely, did not keep a proper lookout, else he would not have crashed into the rear of said vehicle.' Had the plaintiff omitted the words 'else he would not have crashed into the rear of said vehicle' this court would have been constrained to hold the petition good as against general demurrer.  The addition of these words converts otherwise factual allegations into pure conjecture which is not admitted by the general demurrer.  The effect is to allege not that the accident happened as a result of the four acts of negligence, but that the mere fact that a collision occurred establishes negligence on the part of the defendant.  .  .  The petition does not allege that the host driver gave any signal before her car was stopped or that the car had been stopped for any period of time prior to the collision.  It does not allege the speed at which defendant was driving or the distance at which he was following or that he was not looking ahead in the direction he was driving or that he, in any manner, negligently handled his vehicle.  The statement allegedly made by defendant is in the nature of an evidentiary fact.  .  .  In the opinion of this court the petition sets forth no facts on which the specific allegations of negligence contained in paragraph 9 may be based."

We cannot give paragraph 7 of the amended petition the same construction as that given to it by the trial court.  Even in construing the petition most strongly against the pleader, a strained and unreasonable construction cannot be placed on an allegation in testing its sufficiency as against a demurrer.  We think the only reasonable construction, even construing the allegation against the pleader, that can be placed upon paragraph 7 is that the paragraph alleges as facts that "the defendant did not have his vehicle under control, was driving faster than reasonable and prudent under the circumstances then and there existent, was

following said vehicle too closely, did not keep a proper lookout" and that these acts and omissions on the part of the defendant were the proximate cause of the collision. *Bittick & Mays* v. *Georgia, F. & A. Ry. Co.*, 136 *Ga.* 138, 139 (70 S. E. 1106). Such a construction does not relieve the plaintiff in this case from the duty put on him in proving his case. He cannot in the trial of the case show the mere occurrence of the collision and thus authorize the jury to unreasonably infer therefrom that the defendant was negligent in the particulars alleged. In proving his case the plaintiff is still put on the burden of producing evidence, direct or circumstantial, which would lawfully authorize the jury to find that the defendant was negligent in one or more of the particulars alleged.

The gist of the defendant's special demurrers to the specifications of negligence alleged in paragraph 9 was that such allegations were conclusions of the pleader unsupported by any facts alleged in the petition and apparently the trial court sustained these demurrers for that reason on the ground that since paragraph 7, in his opinion, did not allege statement of facts concerning any acts of negligence on the part of the defendant and since the petition did not elsewhere allege such facts, the specifications of negligence amounted to conclusions. The demurrers were without merit. The allegations of negligence in paragraph 7 coupled with the other allegations of the petition descriptive of the circumstances attendant on the collision and contemporaneous therewith are sufficient on which to base the allegations contained in paragraph 9 of the petition. *O'Dell* v. *Wolcott*, 14 *Ga. App.* 536 (3) (81 S. E. 819). See also *City of Rome* v. *Justice*, 40 *Ga. App.* 196 (3) (149 S. E. 88).

The petition does not show that the plaintiff's host driver was negligent in the manner in which she operated or stopped the vehicle in which the plaintiff was riding and even assuming for the sake of argument that the petition did disclose that the plaintiff's host driver was negligent in some particular, it does not show that such negligence was the sole proximate cause of the collision and such question would have to be resolved by a jury on a proper showing.

The court erred in sustaining the general and special demurrers to the amended petition and in dismissing the action.

*Judgment reversed. Quillian and Nichols, JJ., concur.*