37366.   FAIR *v.* HUDDLE, INC.

DECIDED OCTOBER 27, 1958.

*Augustus M. Roan, Robert M. McCartney,* for plaintiff in error.

*James M. Embry, Dunaway, Embry & Shelfer,* contra.

NICHOLS, Judge. 1. No question is presented in the present case as to whether the petition set forth a cause of action as to any defendant other than the defendant Huddle, Inc. Neither the writ of error nor the record discloses whether any demurrers were interposed by these other defendants and no exception is taken to any judgment with reference to them, and while it is stated in the briefs of the parties of record in this court that the trial court had previously sustained their general demurrers, no question with reference to such other defendants is here for decision.

2. The plaintiff's petition does not show any act on her part which could be construed as showing that her injuries were caused by any lack of ordinary care on her part. However, the

mere fact that she was injured without fault on her part does not authorize a recovery, for it is the negligence of the defendant in a tort action that authorizes the recovery of damages by the plaintiff and not merely the injury, for if neither party is negligent, the occurrence is an "accident" in the eyes of the law, and no recovery is authorized in such cases. See *Georgia Power Co.* v. *Woodall*, 43 *Ga. App.* 172, 174 (158 S. E. 367), and cases cited. Nor does the doctrine of *res ipsa loquitur* have any application to pleadings. *Eaton* v. *Blue Flame Gas Co.*, 91 *Ga. App.* 510 (86 S. E. 2d 334). Accordingly, the petition in the present case cannot be aided by the doctrine of *res ipsa loquitur*, nor does the mere fact that the plaintiff was injured while she was an invitee on the premises of the defendant Huddle authorize a recovery.

3. The plaintiff contends that on general demurrer the petition should not be dismissed when there is any allegation of negligence, and relies on that line of cases exemplified by *Hudgins* v. *Coca Cola Bottling Co.*, 122 *Ga.* 695 (50 S. E. 974), and *Southern Roadbuilders, Inc.* v. *Associated Petroleum Carriers*, 95 *Ga. App.* 263, 265 (97 S. E. 2d 629), where it was held: "In the absence of allegations that make it affirmatively appear that the plaintiffs' losses were caused by their own negligence, simple allegations of negligence are sufficient as against general demurrer."

This contention is without merit in the case sub judice, for while the above quoted rule is applicable where the petition deals only with the actions of the plaintiff and one defendant, it is not necessarily applicable in cases where two or more defendants are alleged to be joint tortfeasors, or where the actions of persons other than the defendant are pleaded and the allegations with reference to the actions of such persons are alleged in such a way as to show inconsistencies that are not compatible, e.g., where some of the allegations show that A alone is the tortfeasor and other allegations show that the tort was committed by A and B as joint tortfeasors, the petition will be construed as alleging only that the tort was committed by A and that no cause of action is set forth against B. "When a plaintiff pleads his case in the alternative, one version of which

is good and the other not, his petition will on demurrer be treated as pleading no more than the latter, since it will be construed most strongly against him." *Richards & Associates, Inc.* v. *Studstill*, 212 *Ga.* 375, 377 (93 S. E. 2d 3), and cases cited.

The petition in the case sub judice alleges that the defendant Huddle failed to inspect the glass doors for defects in structure, framing, strains and stresses resulting therefrom, and that a reasonable inspection would have disclosed to such defendant the defective condition of the doors and framing. It was also alleged that the manufacturer of the glass doors knew that other doors of the same make and quality had shattered in other places and negligently allowed said glass doors to be installed in the cafeteria knowing that there was a likelihood that they would suddenly shatter without warning, and that such doors were defective in that they were not strong enough to stand the stress of ordinary use. Were the doors defectively manufactured, or were they negligently installed, or was it negligence in the maintenance of the doors that caused one of them to shatter suddenly without warning? The petition alleges all three theories in the alternative and under the decision of the Supreme Court in *Richards & Associates, Inc.* v. *Studstill*, 212 *Ga.* 375, supra, the petition must be construed, when considering the general demurrer of the defendant Huddle, as alleging that the doors were defectively manufactured in that they were not strong enough to stand the stress of ordinary use, which defect would not have been disclosed by inspection. Accordingly, as against general demurrer, no cause of action was alleged against the defendant Huddle, Inc., and the trial court did not err in sustaining the general demurrer of such defendant.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*