38598. FRIEDSAM v. SAWAN, INC.

DECIDED APRIL 13, 1961.

· *A. C. Felton, III, D. Warner Wells*, for plaintiff·in error.·
*W. F. Blanks*, contra.

NICHOLS, Judge. 1. The petition as finally amended· alleged, as to material parts, the following: "1. That said H.· A. Friedsam is a resident, of Macon County, Georgia, and is indebted :to your petitioner in the sum of $3,000, plus interest at the rate of 7% per annum after February 2, 1959, on· a certain contract, copy of which is attached hereto and made· a part hereof,· by reason of the facts hereinafter recited. · 1-A. ·That. prior. to execution of said contract, defendant and plaintiff's agent, K. R. Vance, examined the seed to be covered by. the contract, which were in defendant's .possession, which had· been harvested, and which were stored in bulk in a building located. on defendant's farm. Said contract, attached. to·.the petition ·as Exhibit A, was executed by defendant and .K. R. Vance, acting.as plaintiff's .agent, after examining the seed shown to said ·K. R. Vance ·by defendant, and the. executed contract pertained ·to all. the seed which were then stored in defendant's building and ·which had been exhibited by defendant to the said K. R. Vance, .and which were. estimated· by defendant· to .weigh .between 20,000. pounds .and 30,000 :pounds, when properly cleaned. 2. That· under .the .said contract, defendant agreed to. sell to ·plaintiff approximately . 200 .to 300 .bags· of Pensacola Bahia seed . at $20 · per· hundred .weight, F.'O.B. Mr.· Friedsam's farm, which is located .about three miles south ·of. Marshallville, in Macon·'County, Georgia.

2-A. That there was at the time of the execution of said contract a general and universal custom in the trade of growing, buying and selling grass seed, including Pensacola Bahia seed, that such Bahia seed be packed in 100-pound bags, which was known to defendant, and that defendant and plaintiff's agent, K. R. Vance, executed the said contract in contemplation of and pursuant to said custom. Both defendant and plaintiff's agent, K. R. Vance, understood that the contract called for delivery of the seed shown to said agent, and agreed that the seed when cleaned would not be less than 200 bags and not more than 300 bags of Bahia seed, with each bag of the weight of 100 pounds.

3. Plaintiff shows that on February 2, 1959, in compliance with said contract (February 1st being Sunday), plaintiff's truck, driven by O. J. Bunn and accompanied by plaintiff's agent, K. R. Vance, went to Mr. Friedsam's farm for the purpose of accepting delivery of the seed, but were advised by defendant that said seed had already been sold. Said defendant then and there refused to make delivery of the seed described in the contract and has at all times since February 2, 1959, failed and refused to deliver to plaintiff the seed described in the contract. 3-A. That after the examination of said contract and before the date set for delivery the defendant furnished a sample of said seed to plaintiff for testing, which sample when tested was satisfactory to plaintiff as to percentage of purity and germination under the terms of the contract. 4. Plaintiff shows that under the contract defendant was to deliver to plaintiff at least 200 bags of Pensacola Bahia seed to the contract price of 20¢ per pound. Plaintiff further shows that on February 2, 1959, the market price of Pensacola Bahia seeds was 35¢ per pound, making a difference of 15¢ per pound between the contract price and the market price, in which amount of 15¢ per pound, plaintiff would have profited. Plaintiff shows that each bag of the 200 bags of seed would have weighed 100 pounds, making a total of 20,000 pounds of seed, which should have been delivered to plaintiff under the contract. Figuring 20,000 pounds of seed at 15¢ per pound, makes the total sum of $3,000, in which amount plaintiff has been damaged and recovery of which is sought in this action. 4-A. Plaintiff shows that the seed in possession of de-

fendant and stored in his building, then in bulk, when later cleaned by defendant and bagged in 100-pound bags amounted to as many as 200 bags of 100 pounds each. 5. Plaintiff shows that the failure and refusal of defendant to comply on February 2, 1959, with the terms of his contract, was an intentional and arbitrary refusal on the part of the said defendant to comply with the terms of the said contract, and the plaintiff is entitled to recover of defendant interest at the rate of 7% per annum from and after February 2, 1959, on the amount of $3,000, said sum being the amount of the damages sustained by plaintiff." Paragraphs designated by the letter "A", were added by amendment. The petition had attached thereto a copy of the contract allegcdly breached by the defendant. This contract called for the sale of 200 to 300 bags of Pensacola Bahia seeds with the purity of ninety-five or better and the germination eighty-five or better.

The contention made by the defendant in his brief is that the allegations of the amendment to the petition, particularly paragraph 3-A, seeks to set forth a new cause of action because the original petition sought to recover because the defendant failed to deliver seed with the purity of ninety-five or better and a germination of eighty-five or better while the amendment seeks to recover for the failure to deliver seed with germination and purity satisfactory to the purchaser without regard to the requirement of the contract. Such contention is without merit for the amendment provided that the sample, when tested, "was satisfactory to plaintiff as to percentage of purity and germination *under the terms of the contract.*" (Italics ours). This allegation was not an allegation that, although the germination and purity were not in accordance with the contract, the defendant waives such provision of the contract, but was an allegation that the purity and germination met the minimum requirements of the plaintiff under the terms of the contract, to wit: purity ninety-five or better, germination eighty-five or better. "Even in construing the petition most strongly against the pleader, a strained and unreasonable construction cannot be placed on an allegation in testing its sufficiency as against a demurrer." *Raines v. Jones,* 96 Ga. App. 412, 414 (100 S. E. 2d 157).

·2. The petition alleged a duty and a.breach thereof by the defendant. It alleged that the parties entered into a contract, that when the plaintiff sought to secure delivery of the seed covered by the contract the ·defendant advised him that he had already· "sold" the seed. " 'The word ."sold" imports not a mere· proposition to sell, but a consummated contract of sale.' 4 Words & Phrases (2d), 611." *Neuhoff v. Swift & Co.*, 54 Ga. App. 651, 656 (188 S. E. 831). "A cause of action is made up of two elements: namely a duty and a breach of it." *Bell v. Fitz*, 84 Ga. App. 220, 223 (66 S. E. 2d 108). The petition alleged a· valid contract· and a breach thereof by the defendant, and was not subject to demurrer. The judgment of the trial court overruling the defendant's demurrers must be affirmed.

*Judgment affirmed. Bell, J., ·concurs. Felton, C.J., concurs specially.*

FELTON, Chief Judge, concurring specially. Construing the amendment to the petition most strongly against the plaintiff on demurrer, I am· very doubtful whether the ·amendment should be construed as the ·majority has construed it. The amendment alleges that the sample "when tested was satisfactory to plaintiff as· to ·percentage of purity and germination, under the terms of the contract." If ·the seed met the· requirements stated· in the contract it would not make any difference· whether the sample was satisfactory to the plaintiff or not. Since the majority ruling accomplishes the same purpose as would a ruling to the effect that a· waiver of the requirement·specified in. the contract would not cure the defect in the petition that it was not alleged that the seed met· the requirements of· the contract, and .since the plaintiff will have to prove as a prerequisite to recovery in this case that the seed met the requirements stated in the contract, I concur ·in the construction· placed by the majority on the amendment to the petition. ·.