40546. SARNO et al. v. HOFFMAN.

Decided July 15, 1964—Rehearing denied July 30, 1964.

*T. J. Long, Ben Weinberg, Jr.*, for plaintiffs in error.

*John E. Rogers, Maurice H. Hilliard, Jr.*, contra.

HALL, Judge. ■ Where the facts show a relationship, such as that between innkeeper and guest, from which a duty to know the conditions of the premises and facilities arises, then a general averment that the defendant knew or should have known of the defects from which injury resulted is sufficient. *Hillinghorst v. Heart of Atlanta Motel,* 104 Ga. App. 731 (1) (122 SE2d 751). The duty of an innkeeper is to use ordinary care and diligence to furnish the guest with reasonably safe accommodations. *Hotel Richmond v. Wilkinson,* 73 Ga. App. 36 (35 SE2d 536). This duty extends to appliances, and where it is shown that because of a defect in the plumbing or shower fixtures a guest is scalded by hot water, or is injured while attempting to escape from a jet of hot water due to such defect, actionable negligence may be predicated on such facts. Ferguson Residence Club, Inc. v. Farnum, 110 N.Y.S.2d 67; Wallace v. Speier, 60 Cal.App.2d 387 (140 P2d 900). The theory that a presumption of negligence arises against an innkeeper on a mere showing that a guest was injured on his premises, even when the circumstances are such as to require extraordinary rather than ordinary care on the part of the defendant, seems to be negatived in *Bullard v. Rolader,* 152 Ga. 369 (110 SE 16). Such a presumption would seem to be no more than to apply the doctrine of res ipsa loquitur to pleadings, which cannot be done. *Fulton Ice &c. Co. v. Pece,* 29 Ga. App. 507 (116 SE 57). A plaintiff is required to set out his cause of action plainly, fully and distinctly. *Code* § 81-101. As against special demurrer this petition would

undoubtedly be defective; it does not appear how the plumbing was defective or in what way the defect was related to its consequences, but the general allegation is sufficient to meet the general demurrer. *Atlanta, B. & A. R. Co. v. Whitehead*, 31 Ga. App. 89 (119 SE 539); *Hudgins v. Coca-Cola Bottling Co.*, 122 Ga. 695 (1) (50 SE 974). "All that a plaintiff need allege to withstand the attack of a general demurrer is the factum of the duty, . . . a violation of that duty, and damages resulting from that violation." *Vickers v. Georgia Power Co.*, 79 Ga. App. 456, 458 (54 SE2d 152); *Atlanta Paper Co. v. Sigmon*, 82 Ga. App. 730, 734 (62 SE2d 363).

■ The defendant contends that the petition is defective in that it fails to show a causal connection between the defendants' negligence and the plaintiff's injury. While on general demurrer the petition must be strictly construed against the pleader, "Pleadings are to be given a reasonable intendment, and a strained and unnatural construction will not be given them in order to raise an inference against the pleader." *National Fire Ins. Co. v. Banister*, 104 Ga. App. 13 (1) (121 SE2d 46); *Southern Bonded Warehouse Co. v. Roadway Exp., Inc.*, 104 Ga. App. 458 (1) (122 SE2d 147); *Friedsam v. Sawan, Inc.*, 103 Ga. App. 500, 503 (119 SE2d 707); *Raines v. Jones*, 96 Ga. App. 412, 414 (100 SE2d 157); *Belk-Gallant Co. v. Cordell*, 107 Ga. App. 785, 787 (131 SE2d 575); *New Cigar Co. v. Broken Spur, Inc.*, 103 Ga. App. 395, 398 (119 SE2d 133); *Georgia Power Co. v. Leonard*, 187 Ga. 608, 614 (1 SE2d 579).

The following allegations implicitly if not explicitly state the issue that injury and damage to the plaintiff resulted from the defendant's negligence. While the plaintiff was using the bath facilities of Room 541 the water became hot and scalding, causing the plaintiff to jump, slip, and fall, and to be permanently injured and disfigured, and to be hospitalized for his injuries. The plaintiff incurred hospital and other expenses *because of the defendant's negligence.* The defendants knew or should have known that the water temperature was too high for bathing, that the pressure and flow of the water was uneven, and that the bathing facilities were not safe, and failed to repair the defective plumbing apparatus. The defendant was negligent in failing

to repair or replace the defective plumbing apparatus, in failing to provide the plaintiff with safe facilities, and in failing to warn the plaintiff of the unsafe condition of the bathroom facilities in Room 541.

Other causes from which the injury might have arisen may be proved to defeat the plaintiff's action, but the facts alleged in the petition do not indisputably show the injuries resulted from other causes. Only when this appears *affirmatively* from the petition can a *general* demurrer be sustained. *Rome R. &c. Co. v. King,* 30 Ga. App. 231, 232 (117 SE 464) ; *Rome R. &c. Co. v. Jones,* 33 Ga. App. 617, 618 (127 SE 786); *Pollard v. Heard,* 53 Ga. App. 623, 626 (186 SE 894); *Southern Road Builders, Inc. v. Associated Petroleum Carriers,* 95 Ga. App. 263, 265 (97 SE2d 629) ; *Whitsett v. Hester-Bowman Enterprises, Inc.,* 94 Ga. App. 78 (93 SE2d 788); *Martin v. McAfee & Co.,* 31 Ga. App. 690, 691 (122 SE 71); *Wilson v. Ray,* 64 Ga. App. 540, 543 (13 SE2d 848).

The failure to use the magic words "proximate cause" or "direct result" in alleging the causal connection between the defendant's negligence and the plaintiff's injury is subject to special demurrer but not to general demurrer. *Atlanta B. & A. R. Co. v. Whitehead,* 31 Ga. App. 89, supra; *Wright Contracting Co. v. Davis,* 90 Ga. App. 548, 552-553 (83 SE2d 232). "It is only where it *clearly appears* from the petition that the negligence charged against the defendant was not the proximate and effective cause of the injury that the court may upon *general demurrer,* as a matter of law, so determine." *Martin v. McAfee & Co.,* 31 Ga. App. 690, 695, supra. (Emphasis supplied). *Wilson v. Ray,* 64 Ga. App. 540, 543, supra.

We recently held in *Thomas v. Barnett,* 107 Ga. App. 717, 721 (131 SE2d 818): "If the petition was deficient on account of its failure to allege in exact terms that the negligence charged to the defendant Thomas, Jr., was the proximate cause, or a contributing cause, of the plaintiff's injuries, this defect was one of form only. . . This deficiency, if it was such, being one of form only, could have been reached only by a special demurrer pointing out specifically wherein the petition was deficient." Accord *Allen v. Gornto,* 100 Ga. App. 744, 746 (112 SE2d 368).

The logical answer to the defendant's contention that "changes in water temperature can occur without negligence on their part" is proof to this effect submitted to the jury to refute the plaintiff's contention that it occurred because of the defendants' negligence as alleged.

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Felton, C. J., Bell, P. J., Frankum, Jordan and Eberhardt, JJ., concur. Nichols, P. J., Russell and Pannell, JJ., dissent.*

NICHOLS, Presiding Judge, dissenting. The plaintiff alleges as acts of negligence: "16. The defendant knew, or in the exercise of ordinary care should have known, that said shower and bathtub were unsafe for use by their paying guests. 17. The defendant knew, or in the exercise of ordinary care should have known, that the water was too hot and that the pressure and flow of the water was uneven, and that the bathing facilities provided were not safe for use by guests. 18. The defendant knew, or in the exercise of ordinary care should have known, that the temperature of the water was too high for bathing, and the failure on the part of the defendant to repair or replace the defective plumbing apparatus when it was discovered, or would have been discovered by ordinary care and diligence, constitutes ordinary negligence and is a violation of Section 105-401 of the Code of Georgia. 19. The defendants were further negligent in the following particulars: (a) In failing to provide safe and suitable facilities for plaintiff, a paying guest, of the defendants; (b) In failing to warn plaintiff of the dangerous and unsafe condition of the bathroom facilities in Room 541. (c) In failing to keep the bathtub herein referred to in a safe condition. (d) In failing to repair or replace the defective plumbing apparatus when it was discovered, or could have been discovered by the exercise of ordinary care and diligence; and (e) In failing to keep their premises in a reasonably safe condition for the use of their patrons." These allegations are based on allegations that the plaintiff was a registered guest at the hotel, that he removed his clothing to take a shower, that "Plaintiff adjusted the hot and cold water faucets controlling the shower, tested the

water and entered the bathtub. Plaintiff had completed his bath, and was in the process of rinsing himself when suddenly and without warning, the water became extremely hot and scalded plaintiff causing him to jump away from the flow of water suddenly. Plaintiff slipped. . ."

The allegations with reference to the water being too hot show no actionable negligence, for the petitioner shows elsewhere that the temperature of such water was adjustable. "Plaintiff adjusted the hot and cold water faucets controlling the shower, tested the water, and entered the bathtub."

"The demurrer admits only the facts, and not the legal conclusions drawn therefrom by the pleader. *Lee v. Atlanta,* 197 Ga. 518 (29 SE2d 774)." *Thornton v. Hardin,* 205 Ga. 215, 218 (52 SE2d 841). Therefore, unless the allegations that "the pressure and flow of water were uneven" were sufficient to charge the defendant with negligence the petition failed to set forth a cause of action since the remaining allegations of negligence are no more than legal conclusions based upon the specific facts alleged.

The plaintiff alleged that the flow of water was uneven, but it is nowhere alleged that the uneven water pressure was the fault of the plumbing system, and an examination of the allegations of paragraph 18, quoted above, show that the allegations with reference to the defective plumbing system deal with temperature of the water and not the uneven water pressure. There is no allegation in the petition showing that the defendant had any control over the flow of water, or that any negligence on its part caused the flow of water to be uneven. While to overcome an attack by general demurrer it is only necessary to show the existence of a duty owing to the plaintiff by the defendant, a violation of that duty by the defendant and an injury resulting to the plaintiff proximately caused by such breach, yet mere allegations that the plaintiff was injured by a result, the origin of which may or may not have been chargeable to the defendant, is not sufficient to withstand general demurrer, for under such circumstances the petition will be construed against the plaintiff, and it will be assumed that the end result was created by the cause not chargeable to the defendant. While the uneven water

pressure could be caused by some negligence on the part of the defendant, it could also be caused by a source not chargeable to the defendant, e. g. a leak or break in the water main before it reached the defendant's premises, etc. The judgment of the trial court overruling the defendant's general demurrer should be reversed.

I am authorized to say that Russell and Pannell, JJ., concur in this dissent.