**UNITED STATES of America,**

v.

**James L. COCKERHAM, Appellant.**

**No. 71–1955.**

United States Court of Appeals, District of Columbia Circuit.

March 28, 1973.

Before McGOWAN and MacKINNON, Circuit Judges, and WINTER,* United States Circuit Judge for the Fourth Circuit.

## PER CURIAM:

In this appeal from a jury conviction of second-degree murder, the contentions which merit discussion are that the District Court erred in failing to ask certain questions during its *voir dire* of prospective jurors, in admitting inflammatory evidence, and in its control of the conduct of trial respecting the presentation of appellant's insanity defense.

Appellant was indicted for the murder of, and taking indecent liberties with, a seven-year old girl whose cause of death was exsanguination from a deep slash wound across the throat. She was also strangled and scalded, and suffered a blow to the back of the skull and injuries from a sexual assault. At trial appellant revealed he would not in any material way contest the facts of the crime, but would instead rely entirely on the insanity defense.

■ Having decided to conduct the *voir dire* himself as was his right, Fed. R.Crim.P. 24(a), the trial judge solicited proposed questions from the parties. Appellant proffered fourteen, of which seven were rejected. He contends the rejected questions were designed to ascertain attitudes towards the insanity defense, and that failure to ask them deprived him of information essential to the exercise of peremptory challenges and challenges for cause. Without citation to authority, and we can find no federal cases to support this particular proposition, *compare* Brundage v. United States, 365 F.2d 616 (10th Cir. 1966), appellant urges that the rejection of such questions violated his right to an impartial jury.

The record suggests that the trial judge appears to have believed the insanity defense to be an inappropriate subject for examination on *voir dire*.[1]

Bruce J. Terris, Washington, D. C. (appointed by this court), was on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Robert A. Shuker and Robert E. L. Eaton, Jr., Asst. U. S. Attys., were on the brief for appellee.

* Sitting by designation pursuant to 28 U.S.C. § 291(a).

1. In responding to appellant's objection to the failure to ask questions which would

While we do not think this proposition stated so broadly is a safe guide to the conduct of criminal trials,[2] we cannot say that under the circumstances here presented the action of the trial judge constituted an abuse of the broad discretion that was his to exercise in conducting the *voir dire*. Aldridge v. United States, 283 U.S. 308, 310, 51 S.Ct. 470, 75 L.Ed. 1054 (1931).

Of the seven questions rejected, only four were directly related to the insanity defense, and one of these four would have revealed only the neutral fact of prior jury service when the defense was raised. Of the remaining three, the trial judge covered one in substance by his questions concerning prior study in psy-

chology or psychiatry, and prior employment in mental institutions. The final two questions essentially probed the willingness of the veniremen to accept the insanity defense. Absent any indication in the record that would negate the presumption of prospective jurors' impartiality toward the defense,[3] *cf.* Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); Connors v. United States, 158 U.S. 408, 415, 15 S.Ct. 951, 39 L.Ed. 1033 (1895); and, in view of the careful examination conducted by the court which consumed approximately forty-five pages of transcript, we think it was not reversible error to omit further questioning.

reveal juror attitudes toward the insanity defense, the trial judge said: "It isn't their attitudes. It is the law they have to comply with." Later he said: "We know the insanity defense is a very technical legal charge they have to get. It is like asking jurors if they agree with the presumption of innocence and burden of proof. I will instruct them in due course. I won't ask anything on insanity."

2. The suggestions that a number of citizens condemn those suffering from mental illness, *sec. e. g.*, United States v. Brawner, 153 U.S.App.D.C. 1, at 19 n. 26, 471 F. 2d 969, at 987 n. 26 (1972), and that some jurors may resist the insanity defense, particularly given vengeful attitudes likely to prevail concerning the serious offenses for which insanity is commonly raised as a defense, *see, e. g.*, Goldstein, The Insanity Defense 24, 42, 214–15 (1967), or because they fear inadequate confinement might result from an acquittal by reason of insanity, *see, e. g.*, Kalven and Zeisel, The American Jury 404–05 (1966), combine to reveal the possible existence of attitudes which the *voir dire* is designed to disclose. Thus where, for example—unlike here—the examination of jurors is otherwise brief and limited in scope, or elicits an indication of possible bias against the defense, it would seem inappropriate to refuse an inquiry into the matter at the risk of denying a defendant protection from juror partiality. *See generally* Annots., 112 A.L.R. 531 (1938); 99 A.L.R.2d 7, 23 n. 15 (1965).

The trial judge appeared to rest his decision on the ground that the insanity

defense, like the presumption of innocence and burden of proof, is a proposition of law to be governed by the court's instructions to the jury. To the extent the analogy is an apt one, the cases which address the exclusion of questions from the *voir dire* concerning propositions of law, *i. e.*, the presumption of innocence and the reasonable doubt standard, do not say their inclusion would be improper. United States v. Crawford, 444 F.2d 1404, 1405 (10th Cir. 1971) cert. denied, 404 U.S. 855, 92 S.Ct. 98, 30 L.Ed.2d 95 (1972); United States v. Williams, 417 F.2d 630, 631 (10th Cir. 1969); United States v. Gillette, 383 F.2d 843, 849 (2nd Cir. 1967); Grandsinger v. United States, 332 F.2d 80, 81 (10th Cir. 1964); Stone v. United States, 324 F.2d 804, 807 (5th Cir. 1963). And, insofar as they rely upon the efficacy of the court's instructions to the jury—as did the trial judge here—to hold the exclusion of such questions not to constitute an abuse of the court's discretion, we note this reliance may on occasion be misplaced. Bruton v. United States, 391 U.S. 123, 135, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

3. The questions asked by the trial judge provided sufficient opportunity for such an indication to have appeared. When an indication of bias of another sort did arise, the trial judge displayed a conscientious desire to insure a fair *voir dire*, as illustrated by his asking one of the questions earlier rejected—concerning prejudice against a defendant with a prior record of car theft convictions—to a juror who revealed his family had been the subject of numerous such thefts.

Appellant urges that the admission of certain items of evidence was prejudicial error. We sympathize with all parties involved in the trial of such a case as this, and, while our review is designed to detect the introduction of unduly prejudicial material, we recognize the inevitability of some inflammatory material reaching the jury as the Government properly attempts to prove its case.

■■ Appellant attempted to stipulate all facts of the crime proof of which would have tended to have inflammatory impact, and argues now that he had a right to so stipulate. We agree with other courts that have considered the matter and held there is no such right, and find that the trial judge acted properly in refusing to require the Government, which had agreed to several stipulations, to agree to others offered. United States v. Brickey, 426 F.2d 680, 686 (8th Cir. 1970); Alire v. United States, 313 F.2d 31, 34–35 (10th Cir. 1962), cert. denied, 373 U.S. 943, 83 S. Ct. 1554, 10 L.Ed.2d 699 (1963); Parr v. United States, 255 F.2d 86, 88 (5th Cir.), cert. denied, 358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64 (1958). And, in our examination of the record, we find that, while the advisability of permitting certain testimony may be in doubt,[4] taken as a whole the trial judge did not abuse his discretion in permitting evidence of the murder to be introduced. The Government's proof went both to establishing elements of the crime and to showing circumstantially that appellant perpetrated the crime in a manner inconsistent with his defense of insanity. Its probative value thus sufficiently outweighed the danger of unfair prejudice to justify its admission. *See* Rule 403, Proposed Rules of Evidence for United States Courts and Magistrates, 56 F.R.D. 183, 218.

■ Appellant contests the admission of his handwritten statement made to a psychologist who appeared as an expert witness for the defense, and who was using the statement in court to refresh his recollection. The psychologist acknowledged the statement to be a part of the basis for his diagnosis, and, apart from its discoverable nature, it was an appropriate subject for cross-examination and especially important for proper jury consideration of the insanity defense. *Brawner, supra* note 3, 152 U.S. App.D.C. at 26, 471 F.2d at 994 and cases cited at n. 45.

■ Appellant also contends that the admission of evidence of his sexual assault on the victim within the meaning of 22 D.C.Code § 3501(a) (Supp. V, 1972) was reversible error since the court eventually dismissed the indecent liberties charge for insufficient evidence, a claim appellant had made in his pretrial motion. The record reveals sufficient medical evidence to support the decision to allow the Government to proceed with its case in the first instance, and the testimony it brought forth merely added detail to what the jury was aware of generally from appellant's own statement to the psychologist, held admissible above.

Affirmed.

---

4. For example, three descriptions of the victim's neck wound were permitted. However, given the proper admissibility of some description of the wound which caused the death, the clinical nature of the most complete description of that wound, and the proper admission of other evidence similarly inflammatory, we are unable to say that reversible error occurred. We note also in this regard that, had appellant gained stipulations as to these and other facts, they still would have been announced to the jury as were the other stipulations.