493 F.2d 30
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Webster MOTON, Defendant-Appellant.
No. 73-2456 Summary Calendar.*
*Rule 18, 5th Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 26, 1974.
 
 Harry B. Adams, III, San Antonio, Tex. (Court-appointed), for White.
 Walter F. Rudeloff, San Antonio, Tex. (Court-appointed) for Williams.
 James R. Gillespie, San Antonio, Tex. (Court-appointed) for Moton.
 William S. Sessions, U.S. Atty., Wayne F. Speck, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Moton was charged in a two count indictment with conspiracy to maliciously firebomb government property, under 18 U.S.C. 371 (1970), and with the substantive offense under 18 U.S.C. 844(f) (Supp.1973). At the close of the Government's case, the court sua sponte dismissed as defective the count charging him with the substantive offense. The jury found him guilty on the conspiracy charge. On appeal, he claims that two infirmities inhered in his jury trial. We affirm.
 
 
 2
 Moon's first contention is that the trial court denied him effective assistance of counsel guaranteed by the Sixth Amendment when it instructed defense counsel to cross-examine Willard English, Jr., a Government witness, in a certain fashion. The following colloquy illustrates the substance of Moton's grievance:
 
 
 3
 'THE COURT: Counsel, I think it would help if you would take this matter chronologically and develop it, it would help you, and would help the witness, it would help the Court understand the facts, the interrogation, but you are jumping from one matter to another without identification as to time and place, it is out of context, so to speak, so, I am going to ask you to try to establish your timing on each question, and place, and then possibly-- and arrange it, if possible, in a chronological sequence, and if it is inconsistent, why, then, you can bring it out by subsequent questions as to whether previously the witness has testified to a different time and place.
 
 
 4
 MR. IDAR: Your Honor, I will do the best I can to be fair with the witness. It is my position that if the witness has rehearsed a story--
 
 
 5
 THE COURT: Now, counsel, I don't want any comments about-- any argument to me or to the jury about a witness rehearsing a story. Now, you ask your questions and get your answers. The jury will hear you in argument later on as to whether that amounts to a rehearsing of the story or not, but those are sidebar remarks that I do not permit counsel on either side to make. That is comments on your questions and the answers in the course of your questioning, and that can come later, those arguments, but right now confine yourself to questions and answers as to the facts and avoid any sidebar remarks for whoever's benefit they may be.
 
 
 6
 MR. IDAR: All right, Your Honor, let the record reflect my exception.
 
 
 7
 THE COURT: Yes, I understand your objection to it and it is overruled. Now, go ahead, do as I direct, please.'
 
 
 8
 Upon review of the record, we are convinced that the trial court's attempts to insure that evidence would be elicited in an orderly and intelligible manner did not so shackle defense counsel as to deny Moton effective assistance of counsel.
 
 
 9
 Moton's second contention is that the trial court committed prejudicial error when it permitted the Government, over defense counsel's objection, to introduce a photograph of a child who was burned by the explosive device allegedly employed by Moton and his confederates. Since it was uncontroverted that the child had sustained bodily injuries, Moton claims that introduction of the photograph was intended solely to inflame the jury and hence jeopardized his right to a fair and impartial trial.
 
 
 10
 That the photograph was relevant to the substantive offense with which Moton was charged is manifest from an examination of the punishment authorized by 18 U.S.C. 844(f) (Supp.1973). Where bodily harm is inflicted as a result of the malicious destruction of government property by means of an explosive, section 844(f) countenances an enhancement of the maximum term of imprisonment from 10 to 20 years and of the maximum fine from $10,000 to $20,000. With the dismissal of count two of the indictment-- the count charging the substantive offense-- Moton and his confederates became amenable to substantially less punishment.[1] Although after count II was dismissed by the court sua sponte, the picture was of diminished relevance, neither Moton nor any of his confederates made any attempt to revive their objection to the admissibility of the photograph and no motion was made to exclude it. Nor did they request that any cautionary instruction be submitted to the jury concerning the materiality of the photograph. It is in this posture that we review Moton's second contention.
 
 
 11
 2, 3$ The admission or rejection of a photograph lies largely in the discretion of the trial judge. United States v. Hurt, 155 U.S.App.D.C. 217, 476 F.2d 1164, 1170 (1973); United States v. Leach, 429 F.2d 956, 962 (8th Cir. 1970), cert. denied, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971); Talbot v. Nelson, 390 F.2d 801, 803 (9th Cir.), cert. denied, 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136 (1968); Rivers v. United States, 270 F.2d 435, 438 (9th Cir. 1959). That bodily injury or dismemberment is admitted by the defense will not preclude the admission of a photograph. See, e.g., Walle v. Sigler, 456 F.2d 1153, 1154 (9th Cir. 1972); Rivers v. United States, supra at 437 of 270 F.2d.
 
 
 12
 In the instant case, Lieutenant Howard, whose son was victimized by the firebombing, gave a graphic description of the extent of the burns. He testified without objection from defense counsel that:
 
 
 13
 'The burns was all over on his left side, on the left side of his face, to incorporate the hairline, the ear, all over the face, and down, extending down the neck, all across the abdomen, all across the abdomen (indicating) on the interior portions of both legs, to go around in the back, some spots in the back of both upper thighs, and then it proceeded around to the side of the upper part of the body across both feet. Both feet were burned, and they were burned real bad, across both feet.'
 
 
 14
 Hence, the photograph merely pictorialized the gruesome description of burns Lieutenant Howard had related. In view of this fact, the force behind Moton's assertion that the photograph was highly inflammatory and prejudiced the jury is attenuated. Moreover, we would note that the evidence of Moton's complicity in the conspiracy charged is overwhelming. Indeed, one of the confederates, testifying at the behest of the Government, confessed that he, along with Moton and a third conspirator committed the crime. Consequently, we conclude that whatever error, if any, occurred by permitting the photograph to be admitted into evidence was harmless.
 
 
 15
 Affirmed.
 
 
 
 [1]
 Moton was sentenced under the Federal Youth Correction Act, 18 U.S.C. 5005-5024