**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bobby HEAROD, Defendant-Appellant.**

**No. 74–1070**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1974.

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 431 F.2d 409, Part I (5th Cir. 1970).

George M. Leppert, New Orleans, La., for defendant-appellant.

Gerald Gallinghouse, U. S. Atty., Mary W. Cazalas, Fletcher W. Cochran, Asst. U. S. Attys., New Orleans, La., Jeffrey R. Whieldon, Atty., Crim. Sec., Civ. Rights Div., Washington, D. C., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Bobby Hearod, a Gretna, Louisiana police officer, was charged in a two count indictment with violation of 18 U. S.C. § 242 [1] and § 245(b)(2)(F).[2] Both counts were based upon an alleged beating suffered by Willie Smith, a black janitor, during his arrest in a Gretna tavern. Hearod was convicted only on the section 242 count. He appeals, claiming prejudice in the admission of certain testimony, insufficient evidence to support his conviction, and an infirm indictment. We affirm.[3]

At Hearod's trial the prosecution adduced testimony from the physician who had treated Smith following the incident at the tavern. The doctor described in detail the nature and extent of Smith's injuries, the most gruesome of which resulted from a blow to the head and ultimately required the surgical removal of his left eye. Hearod objected to the doctor's description of the eye injury and its treatment as irrelevant, prejudicial, and inflammatory, noting that the loss of the eye had been admitted by the defense in its opening statement.

The admission of evidence is committed to the discretion of the trial judge. *See* United States v. Moton, 493 F.2d 30 (5th Cir. 1974); United States v. Cockerham, 155 U.S.App.D.C. 97, 476 F.2d 542 (1973). In gauging admissibility the judge must balance probative value against undue prejudice to the objecting party. *See* Rule 403, Proposed Rules of Evidence for United States Courts and Magistrates, 56 F.R.D. 183,

---

1. Section 242 provides:
   "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life."

2. Section 245 provides, in pertinent part:
   "(b) Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—
   \* \* \* \* \*

(2) any person because of his race, color, religion or national origin and because he is or has been—
   \* \* \* \* \*
(F) enjoying the goods, services, facilities, privileges, advantages, or accommodations of any inn, hotel, motel, or other establishment which provides lodging to transient guests, or of any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility which serves the public and which is principally engaged in selling food or beverages for consumption on the premises . . .
   \* \* \* \* \*
shall be fined not more than $1,000, or imprisoned not more than one year, or both; and if bodily injury results shall be fined not more than $10,000, or imprisoned not more than ten years, or both . . . . ."

3. Smith filed a civil rights damage action related to this same event. Smith v. Hearod, 498 F.2d 663 (5th Cir. 1974) [No: 73–2758, Aug. 9, 1974, Slip Op. pg. 6826].

218 (1972); 2 C. Wright, Federal Practice and Procedure: Criminal § 402, at 65 (1969). The doctor's testimony here was clearly relevant to a determination of the existence and cause of the injuries. These issues remained present in the case despite defendant's opening admission. *See* United States v. Moton, *supra.* To the extent the doctor's testimony may have exceeded the bounds of strict relevancy, the prejudice to Hearod must be deemed harmless in light of the ample additional evidence of his guilt. In addition to Smith, five eyewitnesses testified about the incident at the tavern. Four agreed that Hearod struck Smith several times, and that Smith offered no resistance. The fifth, a policeman who worked with Hearod, supported the defendant's position that Smith was injured while resisting arrest. Resolution of inconsistencies in the testimony and the weight to be given to the various accounts of the incident were properly for the jury.

Hearod also claims that the court erred in denying pretrial motions attacking the indictment as being multiplicitous.[4] The basis for this claim is the inclusion in both counts of the charge of assault upon Smith. The principal danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense. 1 C. Wright, Federal Practice and Procedure: Criminal § 145, at 336 (1969). Here, the jury verdict of acquittal on the section 245 count vitiated this potential defect. The second hazard is that the repeated assertion of the details of a singular course of conduct in multiple counts will prejudice the defendant and confuse the jury by suggesting that not one but several crimes have been committed. United States v. Ketchum, 320 F.2d 3 (2d Cir.), cert. denied, 375 U.S. 905, 84 S.Ct. 194, 11 L.Ed.2d 145 (1963). The two counts in which Hearod was charged contained simple and direct averments that his assault upon Smith on the night in question violated two separate statutes. There was no threat of generating an adverse psychological effect on the jury. In these circumstances, we need not reach the merits of the claim of multiplicity.

Affirmed.

---

4. Appellant's brief styles the alleged error as one of "duplicity." Appellee suggests, and a reading of the indictment and appellant's arguments confirms, that the proper label for appellant's objection is "multiplicity." *Cf.*

United States v. Goodman, 285 F.2d 378, 379–380 (5th Cir. 1960), cert. denied, 366 U.S. 930, 81 S.Ct. 1651, 6 L.Ed.2d 389 (1961); with Gerberding v. United States, 471 F.2d 55, 58 (8th Cir. 1973).