**UNITED STATES of America**

v.

**Gerald Vernon McDONNELL, Appellant.**

**No. 77–2194.**

United States Court of Appeals, Third Circuit.

Submitted Jan. 6, 1978.

Decided March 16, 1978.

S. John Cottone, U. S. Atty., for the Middle District of Pa., Scranton, Pa., Joseph F. Cimini, Asst. U. S. Atty., for the Middle District of Pa., Lewisburg, Pa., for appellee.

William L. Knecht, McCormick, Lynn, Reeder, Nichols & Sarno, Williamsport, Pa., for appellant.

Before ROSENN and HIGGINBOTHAM, Circuit Judges, and VAN ARTSDALEN, District Judge.*

## OPINION OF THE COURT

### PER CURIAM:

Defendant Gerald McDonnell was convicted of assaulting a federal officer in violation of 18 U.S.C. § 111 (1970). McDonnell, an inmate of the United States Penitentiary at Lewisburg, Pennsylvania, was in the process of being returned to that institution when he assaulted Joseph J. Humme, a correctional supervisor. The conviction is affirmed.

Defendant contends that the district court erred in rejecting the following three voir dire questions submitted by defendant's counsel:

Would any of you find it difficult to render a fair and objective decision due solely to the defendant's being an inmate in a correctional institution?

Have any of you read or heard about the investigation which took place last year at Lewisburg Federal Penitentiary which was prompted by the numerous killings and assaults involving inmates which occurred over the last two years? If so, what have you read or heard?

If the answer to the foregoing question is 'yes,' would what you have read or heard in any way affect your ability to render an impartial verdict in this case?

* Honorable Donald W. Van Artsdalen, United States District Judge, for the Eastern District of Pennsylvania, sitting by designation.

1. When this issue was raised in the district court, the trial judge did not have a transcript

The trial judge has substantial discretion in deciding what questions are to be asked in voir dire. Of course, the preclusion of certain questions may violate constitutional guarantees, and we have even broader latitude under our supervisory powers to assure that bias does not creep into jury deliberations. See Ristaino v. Ross, 424 U.S. 589, 597 n. 9, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1977). See also, Ham v. South Carolina, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973). By whatever standard, the voir dire conducted here was not improper. The trial judge is not obligated to use the precise language submitted by counsel. Judge Muir asked the following: [1]

Do you know of any reason why you should be prejudiced for or against the government or for or against the defendant because of the nature of the charges or otherwise?

Would any of you tend to disbelieve the testimony of an inmate of a correctional institution solely for the reason that he is an inmate of such institution?

Do you know anything at all about this case? Has anybody ever talked to you about it? Have you ever read anything about it?

These questions address substantially the same issues raised in those submitted by counsel. The preclusion of the submitted questions was, therefore, not error.

With respect to defendant's other grounds of appeal, we hold:

1. The district court did not err in denying defendant's motion for judgment of acquittal.

2. The district court did not err in denying defendant's motion for a mental examination.

3. The district court did not err in refusing to make a pre-trial ruling on the admissibility of defendant's prior convictions.

of the voir dire and therefore was forced to decide the motion on his memory of those proceedings. We have now ordered and received a transcript of the voir dire.

4. The district court did not err in denying the defendant's motion to disqualify under 28 U.S.C. §§ 144 and 455.

5. The district court did not err in denying defendant's points for charge, numbers one and five.

6. The district court did not err in admitting defendant's prior conviction for mailing a threatening letter to then President Nixon.

7. The district court did not err in refusing to allow cross-examination of Mr. Humme concerning his involvement in prior assaults.

For the foregoing reasons, the judgment of the district court will be affirmed.