38875. HARLAN v. SIX FLAGS OVER GEORGIA, INC.

SMITH, Justice.

This case comes before us upon a question certified by the United States Court of Appeals for the Eleventh Circuit pursuant to Rule 36 of the Supreme Court of Georgia, Ga. Code Ann. § 24-4536. The following joint statement of facts was submitted by the parties and adopted by the Court of Appeals.

### Statement of the Facts

On April 30, 1977, plaintiff was an invitee-patron at the defendant's amusement park in Atlanta, Georgia. After purchasing a ticket which entitled him to ride any amusement device in the park, plaintiff rode an amusement device known as "The Wheelie," upon which he claims he was injured during the course of his ride.

"The Wheelie" is an amusement device consisting of 21 cars mounted on the sprockets of a wheel attached to a mechanical support arm, which is mounted in a concrete and steel base. Patrons ride two or three to a car, and after the patrons are seated and the cars are locked, the cars begin rotating on the wheel in a horizontal manner. As the rotational speed increases, the support arm rises from its base and lifts the cars, still rotating, into a near vertical position. In

this position as the cars reach the top of the wheel, the cars and riders are upside down, but held in position by centrifugal force. The wheel continues to rotate in a near vertical position for a few seconds, and then the arm returns to a horizontal position as the wheel decreases in speed until it stops. The cars are unlocked and patrons then leave the cars.

## Certified Question

"Under Georgia law, what is the standard of care owed by the proprietor, owner and operator of an amusement device such as 'The Wheelie' to riders on such device under the circumstances described?" The answer is ordinary care.

Appellant Harlan contends that the proprietor, owner, and operator of an amusement device such as "The Wheelie" must exercise extraordinary diligence to protect the lives and persons of its passengers. Harlan cites Ga. Code Ann. § 18-204, which provides that passengers are those persons who travel in some public conveyance by virtue of a contract, express or implied, with the carrier as to the payment of the fare. He submits that "The Wheelie" is a public conveyance by virtue of a contract, express or implied, with the carrier as to the payment of the fare. He submits that "The Wheelie" is a public conveyance like a taxicab, bus, or train. Although no Georgia cases specifically address the question of amusement park rides similar to "The Wheelie," Harlan analogizes to elevators, *Bullard v. Rolader,* 152 Ga. 369 (110 SE 16) (1921); *Helmly v. Savannah Office Bldg. Co.,* 13 Ga. App. 498 (79 SE 364) (1913), in support of his conclusion that a public conveyance need not travel between points on the ground.

We disagree with Harlan's contention that "The Wheelie" is a public conveyance, therefore rendering Six Flags a carrier owing its passengers an extraordinary duty of care under Ga. Code §§ 18-201 and 18-204.

We find it easy to distinguish between operation of elevators, taxicabs, buses, and railroads, which are instruments of transportation that must be used by people to travel from one place to another, and operation of "The Wheelie" and similar instruments, which are not. Passengers board elevators and amusement rides with dissimilar expectations. Persons using ordinary transportation devices, such as elevators and buses, normally expect to be carried safely, securely, and without incident to their destination. Amusement ride passengers intend to be conveyed thrillingly to a place at, or near to, the point they originally boarded, so that carriage is incidental. There is no transport involved with "The Wheelie." Its riders seek a sensation of speed and movement for the sake of

entertainment and thrills. "The Wheelie" is not a public conveyance within the meaning of Ga. Code Ann. § 18-201. The standard of care owed by the proprietor, owner, and operator of an amusement device such as "The Wheelie" is a duty of ordinary care to his passengers.

*The answer to the certified question is ordinary care. All the Justices concur.*

DECIDED NOVEMBER 30, 1982.

*Howe & Sutton, Donald B. Howe, Jr., Timothy A. McCreary, John S. Casey,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Joseph W. Watkins,* for appellee.