Timothy R. HARLAN, By next friend,
Aaron A. HARLAN,
Plaintiff-Appellant,

v.

SIX FLAGS OVER GEORGIA, INC.,
Defendant-Appellee.

No. 80–7826.

United States Court of Appeals,
Eleventh Circuit.

March 3, 1983.

---

Donald B. Howe, Jr., Timothy A. McCreary, Douglasville, Ga., John S. Casey, Heflin, Ala., for plaintiff-appellant.

Joseph W. Watkins, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Plaintiff-Appellant Harlan brought this diversity action against Six Flags Over Georgia, Inc., in 1978 for injuries allegedly caused by the negligent operation of an amusement ride. At the conclusion of trial, the jury returned a verdict in favor of Six Flags Over Georgia, and Harlan now appeals. For the following reasons, we affirm.

Appellant primarily claims that the district court erred in charging the jury that the standard of care owed by Six Flags Over Georgia to its invitee-patrons is ordinary care. Appellant contends that the standard of care owed by amusement park operators is extraordinary care, which is the standard imposed by Georgia law upon carriers of passengers in public conveyances. Official Code of Ga.Ann. § 46–9–132 (Michie 1982), Ga.Code Ann. § 18–204 (Harrison 1971). Because this question had never been addressed by the Supreme Court of Georgia, we certified the issue to that court. Rule 36 of the Supreme Court of Georgia, Official Code of Ga.Ann. § 15–2–9 (Michie 1982), Ga.Code Ann. § 24–4536 (Harrison 1981). In *Harlan v. Six Flags Over Georgia, Inc.,* 250 Ga. 352, 297 S.E.2d 468 (1982) (attached hereto as Appendix A), the Supreme Court of Georgia reviewed the issue and held that, contrary to appellant's argument, the duty owed by an amusement park

to its invitee-patrons is ordinary care. Therefore, the district court below charged the jury with the proper standard.

■ Appellant also claims that the district court erred in refusing to charge the jury on the doctrine of *res ipsa loquitur*.[1] We find, however, that the district court properly refused to give the instruction. Under Georgia law, *res ipsa loquitur*, a rebuttable presumption of negligence, is not available to a plaintiff whenever the act asserted to be negligent is known, the intervention of an intermediary cause could have produced the injury, or there is uncertainty as to how the injury occurred. *Parker v. Dailey*, 226 Ga. 643, 177 S.E.2d 44 (1970); *Cagle v. Atchley*, 127 Ga.App. 668, 194 S.E.2d 598 (1972). In the present case, appellant pled and attempted to prove a specific act of negligence. Harlan claimed that Six Flags negligently failed to provide adequate safety features on one of its amusement rides. Moreover, the evidence developed at trial did not establish with any certainty the manner in which appellant's injury occurred and did not foreclose the possibility that an intervening act or event caused the injury.

■ Finally, Harlan argues that the district court improperly excluded a photographic exhibit from evidence and improperly admitted evidence showing that no similar accidents had occurred at the Six Flags amusement park. We have reviewed the record in considering both of these claims and find no reversible error. *United States v. Moton*, 493 F.2d 30 (5th Cir.1974); *Wright v. Hartford Accident & Indemnity Company*, 580 F.2d 809 (5th Cir.1978).

For these reasons, the judgment of the district court is

AFFIRMED.

1. Under Georgia law, *res ipsa loquitur* is an appropriate jury instruction only if the evidence satisfies a three part test. First, the injury must be of a kind which ordinarily does not occur in the absence of someone's negligence. Second, the injury must have resulted from an agency or instrumentality within the

APPENDIX A

In the Supreme Court of Georgia

Decided Nov. 30, 1982.

38875. TIMOTHY R. HARLAN, b/n/f AARON A HARLAN v. SIX FLAGS OVER GEORGIA, INC.

SMITH, Justice.

This case comes before us upon a question certified by the United States Court of Appeals for the Eleventh Circuit pursuant to Rule 36 of the Supreme Court of Georgia, Ga.Code Ann. § 24–4536. The following joint statement of facts was submitted by the parties and adopted by the Court of Appeals.

STATEMENT OF THE FACTS

On April 30, 1977, plaintiff was an invitee-patron at the defendant's amusement park in Atlanta, Georgia. After purchasing a ticket which entitled him to ride any amusement device in the park, plaintiff rode an amusement device known as "The Wheelie," upon which he claims he was injured during the course of his ride.

"The Wheelie" is an amusement device consisting of 21 cars mounted on the sprockets of a wheel attached to a mechanical support arm, which is mounted in a concrete and steel base. Patrons ride two or three to a car, and after the patrons are seated and the cars are locked, the cars begin rotating on the wheel in a horizontal manner. As the rotational speed increases, the support arm rises from its base and lifts the cars, still rotating, into a near vertical position. In this position as the cars reach the top of the wheel, the cars and riders are upside down, but held in position by centrifugal force. The wheel continues to rotate in a near vertical position for a few seconds, and then the arm returns to a horizontal position as the wheel decreases in speed until it stops. The cars are unlocked and patrons then leave the cars.

exclusive control of the defendant. And third, the injury cannot have been due to any voluntary action or contribution on the part of the plaintiff. *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 739 (5th Cir.1980); *Fender v. Colonial Stores, Inc.*, 138 Ga.App. 31, 225 S.E.2d 691 (1976).

## CERTIFIED QUESTION

"Under Georgia law, what is the standard of care owed by the proprietor, owner and operator of an amusement device such as 'The Wheelie' to riders on such device under the circumstances described?" The answer is ordinary care.

Appellant Harlan contends that the proprietor, owner, and operator of an amusement device such as "The Wheelie" must exercise extraordinary diligence to protect the lives and persons of its passengers. Harlan cites Ga.Code Ann. § 18–204, which provides that passengers are those persons who travel in some public conveyance by virtue of a contract, express or implied, with the carrier as to the payment of the fare. He submits that "The Wheelie" is a public conveyance by virtue of a contract, express or implied, with the carrier as to the payment of the fare. He submits that "The Wheelie" is a public conveyance like a taxicab, bus, or train. Although no Georgia cases specifically address the question of amusement park rides similar to "The Wheelie", Harlan analogizes to elevators, *Bullard v. Rolader*, 152 Ga. 369, 110 S.E. 16 (1921); *Helmly v. Savannah Office Building Co.*, 13 Ga.App. 498, 79 S.E. 364 (1913), in support of his conclusion that a public conveyance need not travel between points on the ground.

We disagree with Harlan's contention that "The Wheelie" is a public conveyance, therefore rendering Six Flags a carrier owing its passengers an extraordinary duty of care under Ga.Code §§ 18–201 and 18–204.

We find it easy to distinguish between operation of elevators, taxicabs, buses, and railroads, which are instruments of transportation that must be used by people to travel from one place to another, and operation of "The Wheelie" and similar instruments, which are not. Passengers board elevators and amusement rides with dissimilar expectations. Persons using ordinary transportation devices, such as elevators and buses, normally expect to be carried safely, securely, and without incident to their destination. Amusement ride passengers intend to be conveyed thrillingly to a place at, or near to, the point they originally boarded, so that carriage is incidental. There is no transport involved with "The Wheelie." Its riders seek a sensation of speed and movement for the sake of entertainment and thrills. "The Wheelie" is not a public conveyance within the meaning of Ga.Code Ann. § 18–201. The standard of care owed by the proprietor, owner, and operator of an amusement device such as "The Wheelie" is a duty of ordinary care to his passengers.

*The Answer to the Certified Question is Ordinary Care.*

All the Justices concur.