**Clyde O. MONTGOMERY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 85–34.**

District of Columbia Court of Appeals.

Argued Oct. 21, 1986.

Decided Nov. 13, 1986.

---

Joanne M. Jones, Bethesda, Md., appointed by the court, for appellant.

Mary A. Terrell, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Judith Hetherton, Washington, D.C., and Sherri L. Berthrong, Asst. U.S. Attys., were on the brief, for appellee.

Before FERREN, BELSON and TERRY, Associate Judges.

FERREN, Associate Judge:

A jury convicted appellant of possession of heroin. D.C.Code § 33–541(d) (1986 Supp.). He challenges his conviction on two grounds. First, appellant contends the trial court committed plain error in permitting the government to give a detailed outline of its case against him to the jury panel before selection of the jury. Second, he argues that the trial court erred in admitting into evidence the Daily Vehicle Inspection and Activity Report (form PD 775) under the business records exception to the hearsay rule. Finding no error, we affirm.

## I.

At the outset we note that, because appellant failed to object to the government's presentation of an overview of the case to the jury panel, we may reverse only for plain error. *Allen v. United States*, 495 A.2d 1145, 1153 (D.C.1985) (en banc); *Watts v. United States*, 362 A.2d 706, 709 (D.C.1976) (en banc). Furthermore, appellant concedes that the trial court did not err, as a matter of law, in allowing the government to provide the jury panel with an overview of the case. He contends, however, that the prosecutor gave an overly detailed, onesided, and thus unfair description of the case to be tried—a description implicitly having the court's imprimatur. Consequently, he argues, the trial court had an obligation to interrupt the government's description, either to give a curative instruction or to dismiss the jury panel. We are unpersuaded.

After explaining to the jury panel the purpose of *voir dire*, the trial court introduced appellant, his attorney, and the prosecutor. The court informed the panel that the prosecutor would "now give you a brief overview of the case, to ascertain whether any of you know something of this case...." The prosecutor then stated:

The defendant in this case, Clyde Montgomery, has been charged with possession of heroin. The offense is alleged to have occurred on October 30th, 1983 at approximately 11:50 in the morning. The Defendant was found—was being transported to the seventh district, when—and before being transported, the officers observed the Defendant in the back of the car while he was being—he was placed in the rear of the scout car in order to be transported, and he was fumbling around and wiggling in the car.

After he had been transported to the district, at a later date—at a later period of time, several hours later after he had been taken out of the car and taken into the station to be processed, narcotics were recovered right in the spot where the Defendant had been seated in the police car. That is very briefly—and the powder was later analyzed by DEA 7 as being heroin.

It is well settled that the trial court has broad discretion in conducting *voir dire*. *Johnson v. United States*, 470 A.2d 756, 758 (D.C.1983); *McCowan v. United States*, 458 A.2d 1191, 1195 (D.C.1983); *Tuckson v. United States*, 364 A.2d 138, 141 (D.C.1976) (per curiam); *Davis v. United States*, 315 A.2d 157, 160 (D.C.1974). While these cases specifically address the actual *voir dire*, there is no persuasive reason not to apply their analysis to the presentation of the outline of the case before the questioning of prospective jurors. The trial court's discretion is, of course, "subject to the essential demands of fairness." *Aldridge v. United States*, 283 U.S. 308, 310, 51 S.Ct. 470, 471, 75 L.Ed. 1054 (1931).

When the trial court permits the prosecutor to present a brief overview of the case to the jury panel, the purpose of that statement is not to argue the case or to persuade the jury to favor a particular side. *See State v. Manley*, 54 N.J. 259, 275, 255 A.2d 193, 202 (1969); ABA, STANDARDS FOR CRIMINAL JUSTICE § 3–5.3 (2d ed. 1980) (prosecutor "should not intentionally use the *voir dire* to ... argue the prosecution's case to the jury"). Rather, the purpose is simply to inform the panel of the nature of the case and to ascertain whether any member of the panel is personally familiar with it. On the other hand, for the parties to be able to ascertain whether any member of the jury panel knows of the case, it is necessary to present a factual outline, not merely to state the nature of the case (*e.g.*, drug possession).

▮ While the prosecutor's remarks arguably went beyond what was necessary to ascertain whether any member of the jury panel was aware of the facts of the case, we cannot say that these remarks undermined the "essential demands of fairness." *Aldridge*, 283 U.S. at 310, 51 S.Ct. at 471. We do note, however, that in three respects the prosecutor's remarks were unnecessarily detailed and thus were more appropriate to an opening statement. First, the prosecutor should not have described the defendant's alleged "fumbling around and wiggling" in the rear seat of the police squad car. It also was inappropriate to state that the alleged narcotics were "recovered right in the spot" where the appellant had been sitting. Finally, we can discern no legitimate reason for the prosecutor to have informed the jury panel, at this stage of the proceeding, not only that the government alleged the substance found in the squad car was heroin, but also that DEA officials had confirmed it was heroin.

However, in light of the wide discretion afforded the trial court in conducting *voir dire* and of appellant's failure to lodge an objection, we cannot say that appellant has shown plain error. Immediately before the prosecutor's statement, the court had informed the jury panel that the statement's purpose was to discover whether any of them knew about the case to be tried. The prosecutor then began her summary of the case with the important qualification that the offense was "alleged" to have occurred. Furthermore, although she did not repeat this phrase, neither did she completely assume the role of an advocate. Perhaps most important, as appellant concedes, the defense did not present any evidence that contradicted the prosecutor's summary of the case. Appellant does not contend that the reason he failed to put on contradictory evidence was that he feared the prosecutor's initial summary was so prejudicial that the jury would not have believed any evidence appellant put forward. Under these circumstances, it is virtually inconceivable that the prosecutor's initial, brief description of the case against appellant convinced the jurors of his guilt.

## II.

Appellant also contends the trial court erred in admitting into evidence form PD 775 under the business records exception to the hearsay rule.[1] He argues that it should have been excluded on the ground that it was made with a view toward litigation. we disagree. As we stated in *Pryor v. United States*, 503 A.2d 678, 681 (D.C. 1986), "[A]" well-known exception to the hearsay rule, the admission of records generally kept in the course of business, has long been recognized in this jurisdiction...." *See also* Super.Ct.R. 43–I(a), made applicable in criminal cases by Super. Crim.R. 57(a); *In re D.M.C.* 503 A.2d 1280, 1282–83 (D.C.1986); *Sullivan v. United States*, 404 A.2d 153, 157–58 (D.C.1979). We also have stated that "[f]actual observations in a police report may be admissible under the business records exception to the hearsay rule if made and reported in the regular course of business." *Leiken v. Wilson*, 445 A.2d 993, 996 n. 1 (D.C.1982) (citations omitted). Although it is true that the business records exception does not apply to records that have been prepared with an eye toward litigation, *Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed.2d 645 (1943), we are satisfied that, in this case, the PD 775 qualifies as a business record.

Police officers are required to complete a PD 775 each day that they use a police vehicle. The report enables the officers to document the condition of the vehicle and also to account, in skeletal form, for their activities for the day. It is part of routine police procedure designed to serve several internal, administrative purposes, not to aid a prosecution. Furthermore, the information contained in the report in this case did not "summariz[e] the prosecution's entire case," *United States v. Coleman*, 203 U.S. App.D.C. 326, 329, 631 F.2d 908, 911 (1980); it was only a brief outline of the officers' activities of the day. Finally, the trial court explicitly found that the PD 775 admitted into evidence in this case was not made in anticipation of litigation. This ruling has ample support in the record.

*Affirmed.*

---

**1.** As the recent decision in *Pryor v. United States*, 503 A.2d 678, 681–82 (D.C.1986) makes clear, if evidence qualifies under the business records exception to the hearsay rule, it is not excludible as a prior consistent statement.