Antonio CHAPPELL, Appellant,

v.

UNITED STATES, Appellee.

Lester McBRIDE, Appellant,

v.

UNITED STATES, Appellee.

Nos. 85–916, 85–928.

District of Columbia Court of Appeals.

Argued Dec. 10, 1986.

Decided Jan. 15, 1987.

---

Hugh O'Neill, Washington, D.C., appointed by the court, for appellant Chappell.

Nancy R. Beiter, Washington, D.C., appointed by the court, for appellant McBride.

Robertson T. Park, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell and Richard A. Kaplan, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before NEWMAN, BELSON, and STEADMAN, Associate Judges.

NEWMAN, Associate Judge:

 Antonio Chappell and Lester McBride challenge their convictions of first-degree burglary and robbery on a number of grounds; we deem only one of them to merit discussion. Chappell presented an alibi defense testifying that he was with three other persons at a different location at the time of the crime. On cross-examination, the government asked the following question as to those three persons: "You know that they wouldn't say that you were on that truck all day, sir. Is that right?" Chappell contends the prosecutor thereby transgressed our holdings with respect to "missing witnesses". We agree, and hold that error was committed, but that it was harmless. We affirm.[1]

The evidence showed that Chappell and McBride burglarized the apartment of Furman Henry, robbing him of his wallet containing approximately $370. Chappell presented an alibi defense. He testified that he was working on a trash truck with three other persons at the relevant time. On cross-examination, the government established that these witnesses were not present to testify and then asked if the reason they were not there was that "[y]ou know that they wouldn't say that you were on that truck all day, sir. Is that right?" Chappell answered, "No, sir. They would say I was on the truck all day." The

---

[1]. Chappell's other contentions are meritless. He argues that the admission into evidence of a mug shot of him was error. It was not. *See (Lenwood) Williams v. United States*, 481 A.2d 1303 (D.C.1984). In a somewhat shotgun fashion, he contends the trial court deprived him of a fair trial by permitting the government to lead a juvenile witness on redirect examination; by refusing to conduct a voir dire of the competence of an adult witness; and by not ordering family members to refrain from talking to a minor witness during an overnight recess. These matters are generally committed to the discretion of the trial court. We find no abuse of discretion. *See Johnson v. United States*, 398 A.2d 354 (D.C.1979). McBride contends the trial court erred in ruling a juvenile witness competent to testify. Although afforded an opportunity to voir dire the witness after the court had done so, he declined and interposed no objection to the court's ruling of competence. There was no plain error. He also contends that a photo identification of him should have been suppressed. We disagree. *See Patterson v. United States*, 384 A.2d 663 (D.C.1978).

record reflects that Chappell had complied with Super.Ct.Crim.R. 12.1 by providing information to the government about the identity and whereabouts of alibi witnesses.[2] The record further reflects that Chappell had been unable to secure their attendance by subpoena.

■ The government acknowledges that we have required that a party seeking to make a missing witness argument or suggest a missing witness inference must first seek a ruling of the court. *See Dent v. United States*, 404 A.2d 165 (D.C.1979) (as to missing witness argument); *see Arnold v. United States*, 511 A.2d 399 (D.C.1986) (as to missing witness inference). The government, in its brief, states that we have "suggested" that the prosecutor has the same obligation to obtain leave of the court, out of the jury's presence, before suggesting through cross-examination that a missing witness' testimony would be adverse to the defendant. It cites the following language of ours: "In the absence of a prior ruling on missing witnesses by the trial court, it would be improper for the prosecutor to pursue questioning which would suggest to the jury that their testimony would be adverse to appellant." *Sherrod v. United States*, 478 A.2d 644, 654 (D.C.1984). The government concedes that the prosecutor's conduct in this case was improper. That concession is appropri-ate. We now hold that which the government states we have previously only "suggested": in the absence of a prior ruling on missing witnesses by the trial court, informed by this court's opinions in *Lawson v. United States*, 514 A.2d 787 (D.C.1986), *Arnold v. United States, supra,* and similar cases, it is improper to conduct cross-examination which may suggest to the jury that the missing witness' testimony would be adverse to the party who failed to call the witness.

■ The misconduct in this case was compounded by the trial court's inexplicable denial of Chappell's counsel's request to come to the bench and explain an objection in a timely fashion. Counsel was belatedly permitted to do so, and moved for a mistrial. The motion was denied. Given the strength of the government's case, which was virtually overwhelming, we hold that the error by the prosecutor did not mandate a mistrial. *See Arnold, supra.*

*Affirmed.*

2. Super.Ct.Crim.R. 12.1 is substantially identical to its federal counterpart.