**MUTUAL OF OMAHA INSURANCE COMPANY, Plaintiff,**

v.

**Larry L. RUFF, as administrator for the Estate of David L. Burdick, and James L. Burdick, Mary Jean Clawson and Greg Burdick, as heirs of David L. Burdick, Defendants.**

**Civ. A. No. C86–1972A.**

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 11, 1988.

Ben Kingree, III, Atlanta, Ga., for plaintiff.

Karl M. Terrell, Atlanta, Ga., for defendants.

### ORDER OF COURT

HORACE T. WARD, District Judge.

Before the court in this diversity action for a declaratory judgment is the plaintiff's motion for summary judgment. The court notes that the parties have received adequate notice of the pendency of this summary judgment motion through Local Rule 220–1(b)(1).

This is a suit on an insurance policy. The material facts are not in dispute; the extent of coverage provided under the insurance policy is in dispute.

*Facts:*

Defendants are the administrators of the estate of David Burdick and the heirs of David Burdick. Burdick purchased airline

tickets for a trip from Atlanta to Orlando, Florida. Because he purchased his tickets through a particular travel agency, Burdick was eligible for Automatic Flight Insurance coverage through plaintiff. Burdick flew to Orlando and, while there, rented a car from National Rental. While he was driving this rental car back to the Orlando airport to catch his return flight to Atlanta, he had an accident.

The Memorandum of Coverage brochure delivered to recipients of Automatic Flight Insurance provides, in relevant part, that:

Automatic Flight Insurance automatically covers you for accidental death, dismemberment or loss of sight resulting from accidents that happen:

*On scheduled airlines* ... while riding as a ticketed passenger on a regularly scheduled airline provided your ticket was purchased through the travel agency.

*On substitute conveyance* ... while riding as a passenger in any land or water conveyance provided by the airline as a substitute for any aircraft.

*On airport premises and other common carriers* ... before boarding or while getting off a covered aircraft. Also protects you while riding as a passenger on a land common carrier (such as a taxi, bus, limousine, etc.) en route to the airport to board a covered aircraft or when you are leaving the airport after getting off a covered aircraft.

The policy itself provides that when a person for whom a ticket is purchased from the travel agent for a trip as a passenger on a common carrier sustains a loss described in the Insuring Provision and under which he or she is covered as shown in the statement of coverage, plaintiff will pay specified benefits. The Insuring Provision in question provides, in relevant part:

"Injuries" means accidental bodily injuries received while insured under this provision and resulting in loss independently of sickness and all other causes; provided, however, such injuries are not otherwise excepted under the policy and are received:

\*　　\*　　\*　　\*　　\*　　\*

(d) while as a passenger riding in or getting in or out of any and common carrier (public conveyance operated under a license for the transportation of passengers for hire), when going to the airport to board [a covered aircraft] or when leaving an airport after alighting from such an aircraft.

*Discussion:*

The only provision under which Burdick's claim could arguably be covered is that which provides coverage for accidents which occur while an insured is "riding as a passenger on a land common carrier (such as a taxi, bus, limousine, etc.) en route to the airport." Unfortunately, there is no binding precedent which directly addresses the question of whether self-driven rental cars should be considered "common carriers."

Plaintiff argues that a rental car is not a common carrier and that, even if it could be considered one, a driver of a rental car cannot be considered a passenger of a common carrier. Defendants argue, first, that the appropriate standard to employ is whether a reasonable person in the position of the insured would have believed that coverage extended to self-operated rental cars. Second, they argue that in the context of the evolving types of transportation becoming available to the travelling public, a rental car is the functional equivalent of a common carrier.

In this case, the plaintiff is only entitled to summary judgment if it is clear and unambiguous under the terms of the insurance policy that Burdick's accident is not a covered loss. The policy terms dictate that Burdick's loss is not covered unless the rental car he was driving can be considered a common carrier. The examples the policy listed of common carriers (taxis, busses, and limousines), when considered in conjunction with the requirement that the insured be a passenger, make it clear that the policy's coverage only extends to forms of transportation which are not operated by the insured. Cf. *Parker v. Loving & Co.*, 13 Ga.App. 284, 285, 79 S.E. 77 (1913) (Livrey stable which leased horses and vehicles

without providing drivers was not a common carrier.); *Nationwide Mutual Insurance Co. v. New Amsterdam Casualty Co.,* 376 F.2d 607, 610 (4th Cir.1967) (renters of driverless vehicles are not renters of passenger vehicles "for hire," as that term, when it is used in the transportation context, denotes a common or contract carrier.); *Smith v. Indemnity Insurance Co. of North America,* 318 F.2d 266, 270–71 (D.C. Cir.1963) (Bastian, C.J., dissenting); *see generally Bricks v. Metro Ambulance Services, Inc.,* 177 Ga.App. 62, 338 S.E.2d 438 (1985) (ambulance service held to be common carrier); *Harlan v. Six Flags Over Georgia, Inc.,* 250 Ga. 352, 352–54, 297 S.E.2d 468 (1982) (amusement park ride held not to be a public conveyance); *Delk v. Sellers,* 149 Ga.App. 439, 442, 254 S.E.2d 446 (1979) (elevator in private home held not to be common carrier); *but see Smith,* 318 F.2d at 269. Because the terms of the policy clearly exclude coverage of Burdick's accident, no genuine issue of material fact remains.

Plaintiff's motion for summary judgment is hereby GRANTED. Judgment in favor of the plaintiff and against the defendants shall accordingly be entered.

SO ORDERED.