Luther R. HARLEE, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 87–1280.

District of Columbia Court of Appeals.

Submitted March 15, 1989.

Decided May 19, 1989.

---

**352**

Charles H. O'Banion, for appellant.

Frederick D. Cooke, Jr., Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Mary L. Wilson, Asst. Corp. Counsel, Washington, D.C., for appellee.

Before ROGERS, Chief Judge, and FERREN and TERRY, Associate Judges.

PER CURIAM:

Appellant Harlee appeals from his conviction by a jury of indecent exposure to an eight-year old child in violation of D.C.Code § 22–1112(b) (1981).[1] We affirm.

---

1. D.C.Code § 22–1112 (1981) provides:

(a) It shall not be lawful for any person or persons to make any obscene or indecent exposure of his or her person, or to make any lewd, obscene, or indecent sexual proposal, or to commit any other lewd, obscene, or indecent act in the District of Columbia, under penalty of not more than $300 fine, or imprisonment of not more than 90 days, or both, for each and every such offense.

(b) Any person or persons who shall commit an offense described in subsection (a) of this section, knowing he or she or they are in the presence of a child under the age of 16 years, shall be punished by imprisonment of not more than 1 year, or fined in an amount not to exceed $1,000, or both, for each and every such offense.

At trial, after the panel of prospective jurors arrived in the courtroom for jury selection, but before *voir dire* and the selection of the actual petit jury, appellant's counsel moved to dismiss the jury panel because it contained a disproportionate number of women—the panel consisted of approximately one-fourth men and three-fourths women. Defense counsel argued that the panel did not depict the actual ratio of the sexes in the community and that, because of the sensitive sexual nature of the crime, appellant would be denied a fair trial without more men on the jury. The trial court denied the motion. The final petit jury selected for the case contained only one or two men.[2]

■ Because of the seemingly disproportionate number of women on the jury panel, appellant contends he was denied his Sixth Amendment right to be tried by a jury chosen from a pool that represented a fair cross section of the community. *See Duren v. Missouri,* 439 U.S. 357, 358–59, 99 S.Ct. 664, 665–66, 58 L.Ed.2d 579 (1979); *Taylor v. Louisiana,* 419 U.S. 522, 530, 95 S.Ct. 692, 698, 42 L.Ed.2d 690 (1975); *Obregon v. United States,* 423 A.2d 200, 205 (D.C.1980), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3054, 69 L.Ed.2d 422 (1981). In order to establish a prima facie violation of that requirement, appellant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the group's representation in the source from which juries are selected is not fair

and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation results from systematic exclusion of the group in the jury-selection process.[3] *See Duren, supra,* 439 U.S. at 364, 99 S.Ct. at 668. Without inquiring as to the first two prongs of this test, we find that appellant fails under the third prong. The record is devoid of any evidence, statistical or otherwise, showing that the alleged underrepresentation of men, generally and on appellant's venire, was due to their systematic exclusion from the District's random selection process for calling local residents to jury service.

■ For the same reason, appellant's claim that he was denied his Fifth Amendment right to due process because of discriminatory exclusion or substantial underrepresentation of persons from the jury based on sex also must fail. *See Castaneda v. Partida,* 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977); *Obregon, supra,* 423 A.2d at 202 n. 1, 206. The test for making a prima facie showing of a Fifth Amendment violation is similar to the fair cross section test,[4] except that the defendant also must show discriminatory intent. *See Duren, supra,* 439 U.S. at 368 n. 26, 99 S.Ct. at 670 n. 26; *Obregon, supra,* 423 A.2d at 207. Again, the record is devoid of any evidence on this issue.

■ Appellant's final claim, that it was error for the trial court to neglect to ques-

---

**2.** The exact number of men who sat on the jury is unclear. Appellant does not state this in his brief, and the record shows only the names of the members of the jury panel.

**3.** Appellant contends in his brief that the principles of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), are applicable to his Sixth Amendment claim. However, *Batson,* which ruled that a defendant may make a prima facie showing of an equal protection violation in the selection of a venire excluding members of a particular race by relying solely on the facts in the defendant's case, specifically declined to address the Sixth Amendment arguments, *id.* at 84 n. 4, 106 S.Ct. at 1716 n. 4, and noted only that federal courts are split on whether the exclusion of a distinctive racial group from the jury in a particular case, rather than systematically, violates the Sixth Amendment's guarantee of a fair trial. *Id.* at 82 n. 1, 106 S.Ct. at

1715 n. 1. Since appellant's only evidence on this issue is his unsupported assertion that the District's "selection *system* must be unfair" (emphasis added), we review his claim under the traditional systematic exclusion standard.

**4.** As with the Sixth Amendment claim, we review appellant's Fifth Amendment claim for systematic exclusion only since appellant makes no claim of discrimination in the selection of his jury alone. *See Batson, supra,* 476 U.S. at 95, 106 S.Ct. at 1722. The defendant, therefore, must show that (1) the underrepresented group is an identifiable, distinct class; (2) the group has been substantially underrepresented on juries in relation to its representation in the population; and (3) the jury system at question is susceptible of abuse or not racially neutral. *Obregon, supra,* 423 A.2d at 207 (citing *Castaneda, supra,* 430 U.S. at 494, 97 S.Ct. at 1280).

tion the panel as to "prejudices involving men" and "sex crimes with little girls" also is meritless. "The law affords the trial court broad discretion in conducting *voir dire* examination; absent an abuse of discretion and substantial prejudice to the accused, the trial court will be upheld." *Cordero v. United States,* 456 A.2d 837, 841 (D.C.1983). The trial court did not abuse its discretion in failing to ask the jury panel specifically whether they would be influenced by the fact that the case involved "sex crimes with little girls" since appellant himself covered this question in substance when he asked the jury whether their impartiality would be affected by the fact that the crime, which they knew was a sex crime, involved children. *Cf. Cordero, supra,* 456 A.2d at 841 (no error where court's *voir dire* question addressed substantially the same issue raised in that submitted by counsel) (citing *United States v. Cockerham,* 155 U.S.App.D.C. 97, 476 F.2d 542 (1973) (per curiam); *United States v. McDonnell,* 573 F.2d 165, 166 (3d Cir. 1978) (per curiam)).

■■■ As to the question regarding "prejudices involving men," a prerequisite to challenging a verdict on the ground of partiality of the jury is that the defense have either requested examination on that subject or actually conducted such questioning.[5] Appellant made no such request of the trial court and did not himself question the jury on the issue of whether they had any special prejudices involving men. Nor did he object at the end of *voir dire*

after the trial court asked the jury generally whether there was any reason they would not be able to render a fair and impartial decision. Accordingly, we review appellant's claim for plain error. *See Chappell v. United States,* 519 A.2d 1257, 1258 n. 1 (D.C.1987); *Montgomery v. United States,* 517 A.2d 313, 314 (D.C.1986). Under this rule, only error "so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial" warrants reversal. *Allen v. United States,* 495 A.2d 1145, 1151 (D.C.1985) (en banc) (quoting *Watts v. United States,* 362 A.2d 706, 709 (D.C.1976) (en banc)). Since appellant provides no basis for a conclusion that gender bias played a role in his conviction, and in light of the discretion afforded the trial court in conducting *voir dire* and the trial court's general interrogation at the end of *voir dire* as to any bias of the jury, we find no plain error.[6] *See Montgomery, supra,* 517 A.2d at 315.

The judgment is accordingly

*Affirmed.*

---

**5.** *See* D.C.Code § 23–105(d) (1981):

No verdict shall be set aside for any cause which might be alleged as ground for challenge of a juror before the jury is sworn, except when the objection to the juror is that he had a bias against the defendant such as would have disqualified him, such disqualification was not known to or suspected by the defendant or his counsel before the juror was sworn, *and the basis for such disqualification was the subject of examination or request for examination of the prospective jurors by or on request of the defendant.* [Emphasis added.]

**6.** Because we review this case for plain error, we do not decide whether gender bias should be one of the "controversial factors" requiring careful inquiry during voir dire when such matters are "inextricably linked to the trial."

*Cordero, supra,* 456 A.2d at 842 (controversial matters include race, religion, abortion, nationality or alienage, insanity, sexuality such as homosexuality, drug-related crimes, and political attitudes). In any event, appellant made no showing that gender bias was inextricably linked to the trial. *Compare Ham v. South Carolina,* 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973) (reversible error for failure to inquire into racial prejudice where black defendant's defense to drug possession charge was that he had been framed in retaliation for his civil rights activities), *with Ristaino v. Ross,* 424 U.S. 589, 597, 96 S.Ct. 1017, 1021, 47 L.Ed.2d 258 (1976) (no constitutional requirement to inquire into racial issues on voir dire in case involving alleged assault by a black defendant against a white victim when racial issues not inextricably bound up with the conduct of the trial).